LOTTINGER, Judge.
This is a suit by Mrs. Frank Clark, as petitioner, against I. H. Rubenstein, Inc., as defendant, for damages for humiliation and embarrassment when she was detained under the provisions of Article 215 of the Louisiana Code of Criminal Procedure.
The Lower Court rendered judgment in favor of defendant and dismissed petitioner’s action and the petitioner has appealed.
The record shows that prior to August 4, 1973 the defendant was suffering substantial financial losses from shoplifting and pilferage from its store located in Baton Rouge, Louisiana. These losses prompted defendant to contract for the installation of what is known as a “Sensormatic” security control system. The system consisted of sound devices installed at the entrances to the store. A tag was attached to each garment to be sold, which tag was to be removed from the garment by the clerk upon the sale of the garment. If a tag passed through the sound device it emitted a warning to alert store personnel to the possibility of a shoplift being committed.
On August 4, 1973, at the time of the occurrence complained of, the system had been in operation for some three or four days. The system was not fool-proof and the personnel of the store knew that there would be some clerical errors made. The clerks were, therefore, instructed to be very polite to persons who set off the alarm so as not to offend them.
On the day in question the petitioner went to defendant’s store to shop. While there she made several purchases. The saleslady who waited on petitioner rang up the sale, removed the tags which would activate the alarm system. Evidently, the clerk inadvertently failed to remove one of *491 the tags from an item of clothing which was packaged along with the other purchases made by the petitioner. Petitioner then paid for the items and left the store.
Upon reaching the outside of the store, petitioner was approached by one of the store employees who asked her if she would mind coming back into the store so that her shopping bag could be checked. Once inside the store, the tag was discovered and removed. The store manager apologized for the inconvenience and petitioner left. The entire incident took less than five minutes.
The first assignment of error by petitioner is the refusal of the Lower Court to grant a default in her favor based upon the defendant’s failure to answer interrogatories which she propounded to the defendant. Articles 1511, 1513 and 1515 of the Louisiana Code of Civil Procedure deal with “refusal to make discovery”. The Court has discretion to grant a default judgment only when its order is violated. In this case there was no order. As the •petitioner took no action, under the provisions of Article 1511 to secure a court order directing the defendant to answer the interrogatories, he is not entitled to a judgment by default, under the provisions of Article 1513, against the party who refused to obey the order of the Court.
The record discloses that the employee of the defendant’s store who stopped the petitioner requested permission to look at the contents of her bag but did not use any accusatory or slanderous language. Mrs. Clark testified that they did not use the word shoplifter or thief, that she was addressed as “lady” and that she voluntarily consented to letting the employee check her bag. There were no threats, he did not touch her, they were nice to her and they apologized for the inconvenience. The employee asked her to come back into the store, he did not command her to come back into the store.
We feel that under the provisions of Article 215 of the Louisiana Code of Criminal Procedure the defendant had a qualified right to detain, in a reasonable way, the petitioner following the alarm.
We feel that the facts which are presently before this Court are controlled by the decision in Eason v. J. Weingarten, Inc., 219 So.2d 516. There, as here, the petitioner voluntarily returned to the store upon being requested to by the manager of the defendant. In that case the Court said:
“The Court finds that what transpired in this case was a simple inquiry made by Mr. Cummings, which inquiry was certainly reasonable in light of what he saw the plaintiff do with the bottle of Loving Care while she was shopping in the store. There was no force used on the plaintiff. Every action of the plaintiff, from the time of the request to return to the store through the opening of her purse, was voluntary on her part. She was not detained against her will.”
In that case, citing 32 Am.Jur.2d, False Imprisonment, Section 74, at p. 134, the Court said:
“Ordinarily the owner of property, in the exercise of his inherent right to protect it, is justified in restraining another who seeks to interfere with or injure it where the restraint or detention is reasonable in time and manner. Thus, where a person has reasonable grounds to believe that another is taking his property, he is justified in detaining the suspect for a reasonable length of time for the purpose of making an investigation in a reasonable manner. In such cases, probable cause is a defense, even though the injury which is about to be inflicted constitutes only a misdemeanor, for it is the existence of a reasonable ground to suppose that one’s property is in danger which gives right to the protection. It follows that the owner of a store or *492 premises has a right to detain a customer or patron, for a reasonable time for a reasonable investigation, whom he has reasonable grounds to believe has not paid for what he has received, or is attempting to take goods without payment.”
We find no error on the part of the Lower Court and, for the reasons herein-above assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by the petitioner.
Affirmed.