BOLIN, Judge.
Patricia Smith was stopped and searched when her departure from defendant’s clothing store activated a shoplifting warning device. The trial court held the search was unreasonable and awarded plaintiff $350 damages. Defendant appeals and we affirm.
The primary issue is whether, when the store employee admittedly detained and searched plaintiff, the employee had reasonable cause to believe plaintiff had committed a theft of merchandise.
Upon leaving defendant’s store each customer was required to pass through a shoplifting detection device which would activate a signal if a customer attempted to leave the premises with merchandise from which the check-out clerk had not removed a special tag. As plaintiff was leaving the store this device was activated. Defend *154 ant’s employee stopped plaintiff on the sidewalk adjacent to the premises and searched plaintiff’s handbag and packages. Finding no merchandise in plaintiff’s possession, the employee ordered her to reenter the store through the alarm device. The alarm was not activated when plaintiff reentered the building. The employee again searched plaintiff’s bags inside the store and found no merchandise.
Louisiana C.Cr.P. Art. 215 authorizes a merchant to use reasonable force in detaining a customer for questioning on his premises when he has reasonable cause to believe the person has committed theft of merchandise.
Reasonable detention and search of a store customer as the result of activation of an automatic detection device similar to the one used in this case was held justified in Clark v. I. H. Rubenstein, Inc., 314 So.2d 489 (La.App. 1st Cir. 1975).
In a written opinion the trial judge found defendant was justified in stopping and searching plaintiff on the sidewalk; that since the first search revealed nothing, the second detention and search were unjustified; and that the search inside, which was made in the presence of at least three people, entitled plaintiff to $350 damages for humiliation and embarrassment.
We agree with the findings of the lower court. Under these facts, defendant at the time of plaintiff’s second search had no “reasonable cause to believe that the person ha[d] committed [a] theft . . . ” as required under Criminal Code Art. 215.
Since plaintiff has neither appealed nor answered the appeal, the inadequacy of the award is not at issue. We find the award of $350 was not so excessive as to constitute an abuse of discretion (La.C.C. Art. 1934(3)).
The judgment is affirmed at appellant’s costs.