407 So.2d 757 (1981)
Phillip Harold DURAL, Individually and in his Capacity as Administrator of the Estate of his Minor Child, Andrea Dural
v.
CITY OF MORGAN CITY and Bart Mancuso.
No. 14391.
Court of Appeal of Louisiana, First Circuit.
June 23, 1981.
*758 William H. Lambert, Lafayette, for plaintiff.
Michael J. McNulty, Jr., Bauer, Darnall, McNulty & Boudreaux, Franklin, for defendants.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action for personal injuries brought by Phillip Harold Dural arising out of personal injuries sustained by his minor child, Andrea Dural, while swimming in a public pool owned by the City of Morgan City.
Counsel for plaintiff failed to appear at a pretrial conference on May 23, 1980, and to appear at a rule to compel Phillip Harold Dural to answer interrogatories, the rule having been fixed for trial on December 12, 1980. No order was ever issued directing Dural to answer the interrogatories.
As a result of counsel's failure to appear at these proceedings plaintiff's suit was dismissed without prejudice. Plaintiff was further ordered to pay $250.00 attorney's fees. Plaintiff has appealed. We reverse.
The pre-trial article of the Code of Civil Procedure, art. 1551, and the other laws of this state, do not authorize the imposition of dismissal without prejudice as a penalty for counsel for plaintiff's failure to appear at a duly ordered pre-trial conference. To so dismiss a suit for failure of plaintiff's counsel to attend a pre-trial conference has been held by this court to be reversible error. Boudreaux v. Yancey, 256 So.2d 340 (La.App. 1st Cir. 1971); Rappelet v. Vining, 388 So.2d 125 (La.App. 1st Cir. 1980).
*759 The question of whether failure of plaintiff's counsel to appear at a rule to show cause why answers to interrogatories should not be filed should subject plaintiff to dismissal of the suit without prejudice has not been faced by a reported case in this state, as far as we can determine. However, this court has held that judgment by default should not be entered when there is no order of the trial court compelling an answer. Clark v. I. H. Rubenstein, Inc., 314 So.2d 489 (La.App. 1st Cir. 1975).
The Code of Civil Procedure contemplates a three stage procedure to compel answers to interrogatories (and other forms of discovery):
1. Upon refusal of a party to answer an interrogatory the adverse party may apply for an order compelling such answer. LSA-C.C.P. art. 1511.
2. After hearing, if the court finds the refusal was without substantial justification, the court shall issue an order requiring the answer to the interrogatory. LSA-C. C.P. art. 1511.
3. If a party refuses to obey an order issued in stage 2, the court may dismiss the proceeding, or grant judgment by default, or grant other specified appropriate relief. LSA-C.C.P. art. 1513.
The trial court improperly combined stages 2 and 3. It dismissed plaintiff's suit without first issuing an order compelling plaintiff to answer the interrogatories. A suit may not be dismissed for failure to appear at a hearing conducted under stage 2, as was done in this case. Stage 2 can only result in the issuance of an order compelling the answer to the interrogatory. It is only upon refusal of the party or his counsel to obey the order issued under art. 1511 that suit may be dismissed (with or without prejudice) under art. 1513. To so combine the stages so that failure of counsel to appear at the hearing to compel an answer results in immediate dismissal is not sanctioned by the Code of Civil Procedure, and runs counter to the spirit of Clark, supra, which held judgment by default for failure to answer interrogatories could not be entered without there having been a prior order of court compelling such answer.
The trial court awarded attorney's fees in the amount of $250.00 against plaintiff. Only if an order is issued directing that interrogatories be answered may attorney's fees be awarded. Upon remand, the trial court may award attorney's fees if it issues an order compelling an answer to the interrogatories. LSA-C.C.P. art. 1511. To award attorney's fees absent the order contemplated by the cited Codal article is without authorization by the legislative enactments of this state.
Accordingly, we reverse the judgment of the trial court, and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COLE, J. dissents, believing the trial court has the inherent power to dismiss a suit under the facts and circumstances of this case, particularly for counsel's failure to appear at pre-trial.