DOUCET, Judge.
Plaintiffs-appellees, Phillip and Theresa Goodman, purchased a frame dwelling from defendants-appellants, Jonathan and Geraldine Roberts, on April 6, 1984 for $20,000.00. Certain redhibitory defects appeared and plaintiffs filed suit against defendants for damages and recision of the sale. A trial on the merits was held on August 21, 1987, and judgment was rendered in favor of plaintiffs and against defendants rescinding the sale on the grounds of redhibition. The court also awarded plaintiffs damages. A final judgment was signed in accordance therewith on September 24, 1987. The trial judge denied the motion for new trial and stated the following:
“Denied — motion for new trial must be filed within 7 days of execution of judgment. The last day for this to be timely filed was September 23, 1987.”
It is from the judgment and denial of the motion for new trial that defendants appeal, also, defendants filed here an exception of prescription. Plaintiffs answered the appeal seeking “attorney’s fees, mental anguish and any other damages awardable against a ‘bad faith’ seller under La.C.C. art. 2545 et seq.; and the applicable Louisiana jurisprudence.” Phillip Goodman died during the pendency of this appeal. Theresa Goodman was subsequently appointed administratrix of the estate of her husband. On August 28, 1989, Theresa Goodman, in her capacity as the administratrix of the succession of Phillip Goodman, was substituted as a party for Phillip Goodman in this appeal.
On appeal, defendants specify four assignments of error. It is only necessary for this court to address the first assignment of error which is whether or not the trial judge erred in denying the motion for a new trial on the ground that it was not timely filed.
La.C.C.P. art. 1974 in pertinent part provides:
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after judgment was signed.”
Thus, one has seven days exclusive of legal holidays after judgment is signed within which to file a motion for a new trial. The delay period does not include legal holidays in accordance with La.C.C.P. art. 5059 as they are expressly excluded by the article. La.R.S. 1:55 provides in pertinent part that Saturdays and Sundays as well as enumerated holidays shall be considered as legal holidays for purposes of computation of time under La.C.C.P. art. 5059. Therefore, in counting the seven day delay period, Saturdays and Sundays are legal holidays and are not counted. Wiley v. Wiley, 459 So.2d 105 (La.App. 2nd Cir.1984); National American Bank of New Orleans v. Purvis, 407 So.2d 758 (La.App. 1st Cir.1981).
The judgment in this matter was signed on September 16, 1987. This date fell on a Wednesday. The seven day delay period commenced to run on September 17, 1987. Pursuant to La.C.C.P. art. 5059 and the Louisiana jurisprudence, Saturday the nineteenth and Sunday the twentieth are excluded. Therefore, the seventh day would have been September 25,1987. The motion *899 for new trial was filed on September 24, 1987, which was well within the seven day delay period. Accordingly, we find that the trial judge clearly erred when he denied the motion on the ground of untimeliness. Thus, this matter is remanded to the trial court for a hearing on the prescription issue. La.C.C.P. art. 2163.
As previously stated, plaintiffs have answered the appeal. We will not consider the issues raised in the answer since such consideration would be premature in light of this court's decision to remand the case to the trial court for reconsideration of the motion for the new trial.
Accordingly, for the reasons assigned, this matter is remanded to the trial court for a reconsideration of the motion for a new trial.
REVERSED AND REMANDED.