835 So.2d 672 (2002)
Ruth RUSSELL
v.
SNELLING PERSONNEL.
No. 2001 CA 2134.
Court of Appeal of Louisiana, First Circuit.
October 9, 2002.
*674 Gregory S. Unger, Metairie, for Plaintiff-Appellee Ruth Russell.
Bradley P. Naccari, Metairie, for Defendant-Appellant Snelling Personnel.
Before: PARRO, JAMES[1] and PATTERSON,[2] JJ.
JAMES, J.
Defendant, Snelling Personnel (Snelling), appeals a judgment signed by a workers' compensation judge (WCJ)[3] on *675 April 20, 2001, awarding claimant, Ruth Russell, a penalty in the amount of $2,000.00 for Snelling's improper termination of her physical therapy benefits, attorney's fees in the amount of $2,000.00, and costs in the amount of $3,456.25. Further, defendant appeals the WCJ's ruling issued on September 13, 2000, following an evidentiary hearing on claimant's motion to compel discovery responses and for attorney's fees and penalties, in which the WCJ awarded claimant $2,500.00 in attorney's fees. Claimant has answered the appeal seeking additional attorney's fees.[4]

FACTS AND PROCEDURAL HISTORY
Defendant is a personnel agency that had placed claimant in a position with LCR-M Corporation (LCR). On December 15, 1999, while in the course and scope of her employment with LCR, claimant sustained an injury to her arm and shoulder. Defendant accepted claimant's workers' compensation claim as compensable, and claimant was immediately treated by Dr. Raina at the Slidell Memorial Hospital Family Care East Clinic. She returned to the same clinic for treatment three more times over the next couple of weeks, and at her last visit on December 27, 1999, Dr. Raina referred her to an orthopedic surgeon for further treatment.
Dr. Jones, an orthopedic surgeon, then began treating claimant on January 17, 2000, and during the course of treatment, he recommended that she receive physical therapy. Defendant authorized approximately thirty sessions of physical therapy and then made the decision not to authorize additional treatments being recommended by Dr. Jones, based on its determination that claimant was not responding well to the physical therapy. However, claimant was still experiencing pain, and on the advice of Dr. Jones, she sought additional treatment from Dr. Logan, another orthopedic specialist, and additional physical therapy.
Claimant filed a disputed claim for compensation benefits. Then, in response to defendant's refusal to pay for certain diagnostic tests recommended by Dr. Logan, claimant filed a motion to compel payment of medical expenses. Specifically, claimant requested payment by the defendant for the EMG/NCS studies and MRI recommended by Dr. Logan, reimbursement for her travel expenses, and penalties and attorney's fees for defendant's arbitrary refusal to authorize medical treatment.
After claimant filed her motion, defendant authorized the MRI and EMG/NCS studies and reimbursed claimant for her travel expenses, and then the parties entered into a consent judgment, signed on June 29, 2000, wherein defendant agreed to pay claimant $750.00 in attorney's fees and claimant agreed to dismiss her motion to compel payment of medical expenses. As defendant had already complied with the other requests contained in claimant's motion, the parties entered into the consent judgment for the limited purpose of settling the issue of the penalties and attorney's fees to which claimant was entitled in connection with the approval of the diagnostic tests and reimbursement of *676 travel expenses. The consent judgment expressly reserved any other rights claimant might have, specifically stating that it "in no way affects the plaintiff's right to past benefits other than the benefits specifically addressed above nor her rights to future benefits."
During the course of this litigation, claimant had served interrogatories, requests for production of documents, and requests for admissions on defendant on April 27, 2000. After claimant agreed to an informal extension of time, defendant responded on June 23, 2000, but then was notified by claimant that the responses were insufficient. Pursuant to an agreement reached between the parties, defendant provided claimant with supplemental responses on August 14, 2000. However, those were again deficient, and claimant filed a motion to compel discovery responses and for attorney's fees and penalties on August 17, 2000.
Twelve days after the filing of claimant's motion, defendant provided claimant with its second supplemental answers to interrogatories and supplemental responses to requests for production of documents. A hearing on claimant's motion was held on September 8, 2000. Although claimant acknowledged that defendant had already satisfied her discovery requests, the WCJ granted claimant's motion to compel and ordered defendant to pay attorney's fees incurred in connection with the filing of the motion to compel discovery in the amount of $2,500.00.
After a trial on the merits, the parties were allowed to file post trial memoranda. Along with her memorandum, claimant submitted Exhibit "J," which was a record of her attorney's time and costs expended in the litigation. Defendant filed a motion to strike the exhibit because it was not admitted into evidence at trial. The WCJ granted defendant's motion to strike and ordered that the exhibit not be considered as evidence nor considered by the court in rendering its judgment. However, when he issued his judgment, he awarded costs to claimant in the exact amount requested by claimant in Exhibit "J." In addition, claimant was awarded $2,000.00 for defendant's improper termination of physical therapy benefits and $2,000.00 in attorney's fees. Defendant has now appealed.

LAW AND ANALYSIS
Defendant first argues that claimant's claim for penalties and attorney's fees in connection with defendant's improper termination of physical therapy benefits is barred by res judicata due to the consent judgment rendered on June 29, 2000. This contention is without merit. The consent judgment was limited to settling the issue of penalties and attorney's fees in connection with defendant's refusal to approve certain diagnostic tests and refusal to reimburse claimant's travel expenses. The consent judgment did not settle the entire dispute between the parties, and it specifically reserved any other rights claimant might have had to past or future benefits. Therefore, res judicata does not bar claimant's claim for penalties and attorney's fees in connection with defendant's improper termination of physical therapy benefits.
Next, defendant argues that claimant is not entitled to penalties and attorney's fees because defendant was not arbitrary and capricious in discontinuing payment for the additional physical therapy treatments recommended by Dr. Jones. A claimant's statutory right to attorney's fees for improper termination of benefits is set forth in La. R.S. 23:1201.2, which provides, in pertinent part, as follows:
Any employer or insurer who at any time discontinues payment of claims due *677 and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney's fees for the prosecution and collection of such claims.
Under this statute, an employer who terminates compensation benefits in an arbitrary or capricious manner, or without probable cause, is subject to the payment of attorney's fees. Patterson v. Long, 96-0191 (La.App. 1st Cir.11/8/96), 682 So.2d 1327, 1336, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. However, in the instant case, the WCJ also awarded claimant a penalty of $2,000.00 for defendant's improper termination of physical therapy benefits. The penalty was unauthorized because only attorney's fees are recoverable under La. R.S. 23:1201.2 for the employer's arbitrary discontinuance of payment of benefits. See Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 45.
If this had been a situation where the employer had failed to commence payment of benefits, then both penalties and attorney's fees would be recoverable. See Rush Masonry, 737 So.2d at 45. However, in this case the employer initially authorized payment of claimant's physical therapy benefits, but then discontinued them. In fact, the WCJ even states in his reasons for judgment that the penalty is "for improper termination of physical therapy benefits," and such a penalty is clearly not authorized under the statute. Accordingly, we reverse the portion of the judgment awarding claimant a penalty in the amount of $2,000.00 for defendant's improper termination of physical therapy benefits.
With respect to the award of $2,000.00 in attorney's fees for defendant's improper termination of benefits, we note that such an award is proper under La. R.S. 23:1201.2 when the employer has acted arbitrarily or capriciously or without probable cause. Rush Masonry, 737 So.2d at 45. Behavior is arbitrary and capricious when it is willful, unreasonable, or "without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation." Rush Masonry, 737 So.2d at 45-46 (citing Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890, referring to Black's Law Dictionary 104, 211 (6th ed.1990)). This means that the employer must adequately investigate the claim before making the decision to terminate benefits. The crucial inquiry is whether the employer had an articulable and objective reason for discontinuing benefits at the time it took that action. Rush Masonry, 737 So.2d at 46.
In the instant case, the WCJ found that an award of attorney's fees was warranted because defendant did not adequately investigate and assess claimant's medical status before terminating physical therapy treatment. In his reasons for judgment, the judge stated:
Dr. Jones ultimately discharged Russell on March [31,] 2000, restricting her from all work and recommended Russell seek a second opinion. Additionally, he recommended physical therapy which, according to the Plaintiff, was authorized. Thirty treatments more or less were received, according to the medical review by the Defendant, and further, according to medical review, Ruth Russell's response to physical therapy was poor and that future physical therapy was withdrawn as not medically necessary.
However, evidence illustrates that some physical therapy appointments were denied and others cut short and discontinued. Insufficient evidence was *678 presented by Snelling to prove the medical basis by which medical services came to the conclusion to terminate physical therapy at thirty plus or minus treatments; and as such, a reasonable controversion was not provided by the defense. Noteworthy, the physical therapist records state that Russell was making progress and would have benefited from additional PT.
Consequently, the employer's found to have failed to fully investigate, assemble, and assess accurate information on the employee's medical status before terminating physical therapy treatment, especially in light of Dr. Tiel's opinion that additional physical therapy may be of benefit. The court acknowledges and cites Gordon v. Sandersons Farms, 693 So.2d 1279. Thus, valuable rehab time has been lost with ultimately returning Russell to some form of gainful employment. Consequently, the defendant is assessed and the plaintiff awarded a penalty of $2,000.00 for improper termination of physical therapy benefits as well as attorney's fees in the amount of $2,000.
Whether an employer's discontinuation of benefits is arbitrary, capricious, or without probable cause and warrants the imposition of attorney's fees is a factual question which will not be disturbed on appeal in the absence of manifest error or unless clearly wrong. Patterson, 682 So.2d at 1337. We have thoroughly reviewed the record and the evidence in this case and conclude that the decision of the WCJ to award claimant $2,000.00 in attorney's fees was not manifestly erroneous. The duty of an appellate court is simply to determine whether the fact finder's conclusion was a reasonable one in view of the record in its entirety, Stobart v. State, Through Dept. of Transportation and Development, 617 So.2d 880, 882-883 (La.1993), and we conclude that the WCJ was reasonable in awarding claimant attorney's fees.
Defendant has also asserted that the WCJ erred in the amount of costs awarded to claimant in connection with this litigation. The WCJ awarded claimant $3,456.25 in costs, which is the exact amount set forth by claimant in Exhibit "J," which was attached to her post trial memorandum. Although the exhibit was ordered stricken from the record because it had not been admitted into evidence at trial, defendant argues that the WCJ must have improperly relied on the itemizations set forth in Exhibit "J." In relying on those itemizations, defendant argues that the WCJ awarded costs for expenses that should not be included in an award of costs, namely, expenses associated with depositions that were not introduced into evidence at trial and expenses for postage, photocopies, facsimiles, copies of medical records, Westlaw research, court reporter costs for depositions, and witness fees.
Under La.Code Civ. P. art.1920, "the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." Louisiana Revised Statute 13:4533 describes the expenses that are allowed to be taxed as costs, which include "the costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court." The workers' compensation statute regarding the allowance of costs provides that the workers' compensation judge may award costs, in his discretion, in the same manner as in other civil proceedings. La. R.S. 23:1317(B).
Under these statutes, the trial judge has great discretion in awarding costs, and his assessment of costs can be reversed by the appellate court only upon *679 a showing of an abuse of discretion. Barrilleaux v. Franklin Foundation Hosp., 96-0343 (La.App. 1st Cir.11/8/96), 683 So.2d 348, 361, writ denied, 96-2885 (La.1/24/97), 686 So.2d 864. However, La. R.S. 13:4533 does provide that only depositions "used on the trial" can be taxed as costs, and only depositions that are introduced and accepted into evidence are considered "used on the trial" for purposes of the statute. Barrilleaux, 683 So.2d at 361 (citing Succession of Franz, 242 La. 875, 139 So.2d 216, 219 (1962)). Accordingly, it is an abuse of discretion for a trial judge to award costs for a deposition that was not introduced into evidence at trial. Barrilleaux, 683 So.2d at 361.
In the instant case, the cost of Dr. Jones' deposition is indisputably taxable as a cost because it was introduced and accepted into evidence at trial. Also, clearly taxable as costs are the witness fees paid to one of claimant's witnesses, Pauline Hayes. Although the deposition of claimant was used during the trial by defendant to impeach her, it was never admitted into evidence. Similarly, the deposition of a Snelling representative, Audrey Borchert, was used during the trial to successfully elicit certain testimony, but it was never admitted into evidence. Therefore, the costs of those two depositions should not have been taxed as costs by the WCJ. See La. R.S. 13:4533.
The problem is that there is nothing in the record before us establishing which expenses were awarded by the WCJ as costs, or even for which expenses claimant was requesting reimbursement. Exhibit "J," which contained a list of claimant's expenses, was ordered stricken from the record and, therefore, is not before us. The parties have addressed the matter in the memoranda they submitted to the WCJ and in the briefs they submitted to this court, but that is not sufficient to allow us to make a determination as to the amount of costs which should be awarded in this case. Therefore, we must remand this matter to the office of workers' compensation administration for a determination as to costs.
Defendant finally asserts that claimant is not entitled to attorney's fees in the amount of $2,500.00 in connection with the filing of her motion to compel discovery responses because all discovery had been satisfied by defendant prior to the hearing on the motion, and the WCJ had recognized that fact in his judgment and written reasons for judgment. Under La.Code Civ. P. art. 1469, a party is entitled to attorney's fees in connection with a motion to compel discovery in certain situations. That article provides, in pertinent part:
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
The motion to which La.Code Civ. P. art. 1469 refers is a motion for an "order compelling discovery," not a motion for a rule to show cause why the order should not issue. Tate v. Tate, 442 So.2d 1379, 1382 (La.App. 3d Cir.1983); see also Dural v. City of Morgan City, 407 So.2d 757, 759 (La.App. 1st Cir.1981). Accordingly, attorney's fees may be awarded only if an order is issued directing that discovery requests be answered. Dural, 407 So.2d at 759.
In the instant case, the language of the judgment states that claimant's motion "is hereby granted," but this does not *680 constitute an "order compelling discovery" and could not have because claimant acknowledged that defendant satisfied her discovery requests twelve days after the motion was filed, as recognized by the WCJ. Therefore, there was no outstanding discovery to which defendant could be compelled to respond, and the WCJ had no authority to award attorney's fees. This court is aware of Smith v. Smith, 398 So.2d 549 (La.App. 1st Cir.1979), writ denied, 399 So.2d 585 (La.1980), which seems to be in conflict with Dural. However, Dural is the most recent case in this circuit on the issue, and it therefore controls our decision. Accordingly, we must reverse the portion of the judgment awarding claimant attorney's fees in connection with her motion to compel discovery responses.
It may well be that the moving party should be allowed attorney's fees for the filing of the motion regardless of whether an order issues. However, the directive of La.Code Civ. P. art. 1469 is clearly to the contrary, and the problem is one which addresses itself to the legislature because we are obliged to follow the law as written.[5]Tate, 442 So.2d at 1382, n. 2.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the WCJ awarding claimant $2,000.00 in attorney's fees incurred in connection with the discontinuance of medical benefits. We reverse the portion of the judgment of the WCJ awarding claimant a penalty in the amount of $2,000.00, as well as the September 13, 2000 ruling which awarded claimant $2,500.00 in attorney's fees in connection with the filing of her motion to compel discovery responses. We further remand this matter to the office of workers' compensation administration for a determination of the amount of costs due to claimant in connection with this litigation consistent with the views expressed in this opinion. The request by plaintiff-appellee, Ruth Russell, for attorney's fees incurred in answering and defending this appeal is denied. Each party is assessed with their own costs relative to this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
PARRO, J., concurs.
PATTERSON, J., concurs with reason.
PATTERSON, J., concurring.
I concur in the reversal of the portion of the judgment awarding claimant attorney's fees in connection with the motion to compel, believing the language of La. C.C.P. art.1469 binds us, as does this court's ruling in Dural v. City of Morgan City, 407 So.2d 757, 759 (La.App. 1st Cir.1981). However, I add the following comments in the hopes that the legislature will revisit the wording of La. C.C.P. art. 1469 to clarify this issue.
Discovery requests are propounded upon opposing counsel pursuant to the methods provided in La. C.C.P. art. 1420, et seq. Delay in responding to the requests is provided for in the articles. In the present matter, the claimant served interrogatories, requests for production of documents, and requests for admissions on defendant on April 27, 2000. The discovery procedures used by claimant each provided for a fifteen day period after service in which the party shall answer and/or *681 object to the demand. See La. C.C.P. arts. 1458, 1462, and 1467.
Motions for orders compelling discovery are filed as a last resort. See La. C.C.P. art. 1469. Typically, a party files discovery requests and the delays for response expire without a proper response, as is the present situation. The claimant's discovery requests were propounded on the defendant on April 27, 2000. The claimant granted the defendant an informal extension of two weeks to respond to the discovery on May 1, 2000. On June 6, 20, and 27, 2000, the claimant sent correspondence to defense counsel regarding the outstanding discovery. The defendant responded with incomplete discovery. A final letter was sent to defense counsel on August 14, 2000, to no avail. Due to the untimely and incomplete response to the discovery requests provided by the defendant, the claimant was forced to file the motion to compel. A complete response to the discovery was finally given on August 29, 2000, twelve days after the motion to compel was filed. The WCJ noted in its judgment and written reasons for judgment that defendant delayed discovery for four months.
Despite the egregious conduct of the defendant, because the party ultimately responded to the discovery, no order compelling discovery may be issued.[1] Thus, the dilatory party has suffered no consequence for the delay. Additionally, the requesting party has exhausted time and expense which cannot now be recovered. In my view, once the requesting party has to file such a motion, some consequence must attach for the actions of the delinquent party.
NOTES
[1] Judge A. Clayton James, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] Michael A. Patterson is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[3] La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers' compensation district from which the appeal was taken and the name of the workers' compensation judge who rendered the judgment. The WCJ was Honorable Robert W. Varnado, Jr. of the Office of Workers' Compensation Administration, District 6.
[4] Claimant has also asserted that she should have been awarded an additional penalty of $500.00, pursuant to La. R.S. 23:1203(E), for defendant's failure to provide her with information regarding its procedure for requesting an independent medical examination. However, claimant did not raise the issue in the lower court, and this appellate court will not consider issues raised for the first time on appeal. See Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714, 725.
[5] If the trial judge does not have the discretion to award attorney's fees unless an order compelling discovery actually issues, then a party who wishes to delay discovery is allowed to sit back and wait to be ruled into court and yet still avoid discovery sanctions by answering discovery a day before the hearing.
[1] Defense counsel's behavior is the type which the first four canons of the Code of Professionalism attempt to prevent. The Code of Professionalism was adopted by the Louisiana State Bar Association and approved by the Supreme Court of Louisiana on January 10, 1992. The Code of Professionalism provides, in pertinent part:

 I will conduct myself with dignity, civility, courtesy and a sense of fair play.
 I will not abuse or misuse the law, its procedures or the participants in the judicial process.
 I will consult with other counsel whenever scheduling procedures are required and will be cooperative in scheduling discovery, hearings, the testimony of witnesses and in the handling of the entire course of any legal matter.
 I will not file or oppose pleading, conduct discovery or utilize any course of conduct for the purpose of undue delay or harassment of any other counsel or party. I will allow counsel fair opportunity to respond and will grant reasonable requests for extensions of time.
Code of Professionalism, Louisiana State Bar Association, Revised 3/15/02.