WALTER J. ROTHSCHILD, Judge.
 

 |2This is an appeal from a ruling rendered in this worker’s compensation case. For the reasons stated herein, we affirm.
 

 Claimant herein, Nelson Miranda Payan, initially filed a disputed claim for compensation in September of 2007 against his employer Chimento Enterprises as a result of work-related injuries he sustained on September 17, 2007. In June of 2008, the parties entered into a partial settlement and release with reservation of rights which was approved by the workers’ compensation judge. By order of the court dated August 8, 2008, Mr. Payan’s claims against his employer were dismissed subject to the reservation of rights.
 

 On September 25, 2008, claimant filed a second disputed claim for compensation against Chimento Enterprises seeking medical treatment in the form of a MRI of his lumbar spine which he asserts was related to the same on-the-job injury. He also asserts a claim for the employer’s failure to |sauthorize his choice of physicians and for penalties and attorney’s fees for his employer’s unreasonable actions.
 

 Chimento Enterprises and their insurer, Protective Insurance Company, (hereinafter “defendants”) responded with an Exception of No Right of Action and/or No Cause of Action, stating that this claim had been previously settled by the parties and that defendants had been released from liability pursuant to the judgment of dismissal rendered on August 8, 2008. Defendants attached a copy of the settlement agreement, and argued that although claimant reserved his right to assert certain claims following the settlement, treatment of his back was not included in the reservation and as such this claim was fully dismissed. Defendants further argued that claimant identified work-related back injuries prior to the settlement and release, and defendants provided copies of claimant’s discovery responses and deposition testimony to support this argument.
 

 Claimant opposed this exception on the basis that the correct legal pleading to address this issue should have been an exception of res judicata. Claimant contends that based on applicable law, the settlement documents relied on by defendants do not preclude claimant from seeking medical benefits for the injuries to his back which were caused by the work-related accident. Further, claimant contends that lump sum settlements in workers’ compensation matters are not favored and will only be maintained when confected in strict conformity with statutory standards, citing La. R.S. 23:1271.
 

 Following a hearing on defendants’ exception, the workers’ compensation judge rendered its ruling on February 27, 2009 granting the exception “on the issue of the back injury, because it is res judicata.” |4 Claimant filed a motion for new trial and/or rehearing, and this motion was denied on June 17, 2009. Claimant now appeals from this ruling on the basis of several assignments of error.
 

 On appeal, claimant first argues that an Exception of No Cause of Action is the improper vehicle to preclude claimant from proceeding pursuant to previously executed release documents. Claimant contends that the correct pleading was an exception of res judicata, and that defendants improperly attached evidence to support their exceptions in contravention of
 
 *353
 
 the procedures for this exception as provided in La. C.C.P. art. 931.
 

 It has long been recognized that a court will look to the import of a pleading and not be bound by the title. Every pleading is to be construed so as to do substantial justice. La. C.C.P. art. 865. The caption of the pleading does not control. Rather, the court is obligated to determine the substance of the pleading.
 
 Atchley v. Atchley,
 
 01-67 (La.App. 5 Cir. 5/30/01), 788 So.2d 690, 693, citing
 
 Smith v. Cajun Insulation, Inc.,
 
 392 So.2d 398 (La.1980). Upon review of the pleading in this matter, we find no error in construing defendants’ pleading according to its substance as an exception of res judicata.
 

 Claimant next argues that even if the pleading was construed as an exception of res judicata, the evidence submitted fails to show that the issue in question was actually litigated and was essential to the judgment as provided by La. R.S. 13:4231.
 
 [1]
 
 Specifically, claimant contends that the [ .^settlement and partial release agreement is ambiguous and does not clearly preclude the litigation in this matter. Claimant contends that the issues which would have been litigated involved authorization for knee surgery and payment of medical bills, and the issue of the back injury was not before the court at that time. Thus, claimant contends that the exception was improperly granted. We disagree.
 

 The record in this case indicates that claimant filed the original disputed claim for compensation on September 24, 2007 alleging injuries to claimant’s neck, back, bilateral knees and bilateral elbows as a result of a September 17, 2007 work-related injury sustained while claimant was employed as a full-time delivery driver by Chimento Enterprises. In this claim, claimant asserted that no wage benefits or medical expenses had been paid, and requested penalties and attorney’s fees for failure to pay benefits or medical expenses. In addition, claimant sought approval of his choice of physician.
 

 The record also shows that during a pretrial mediation conference held on June 13, 2008, the parties “reached an agreement to compromise the majority, but not all, of the issues between them.” The record further contains a Partial Release and Waiver of Rights signed by claimant, Nes-ter Miranda Payan.
 

 The above agreement was approved by the workers’ compensation judge by judgment rendered on August 1, 2008. On August 8, 2008, the | ¡¡disputed claim for compensation was dismissed. The terms of the judgment indicated that defendants paid the sum of $6,000 to claimant, approved knee surgeries recommended by Dr. Hoffman and paid for the emergency room treatment and out of pocket medical expenses. The judgment also provided as follows:
 

 
 *354
 
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Francis Chimento Enterprises, Inc. and Protective Insurance Company be and the same are forever released and relieved from any and all liability for claims of Nestor Miranda Payan, including but not limited to claims for penalties and attorney’s fees of any nature and kind arising up to and including June 13, 2008 under Title 23, Title 10 of the Revised Statutes of Louisiana, growing out of any accident or injury occurring on or about September 17, 2007. However, notwithstanding any provision above, Nestor Miranda Payan reserves the right to assert claims of any nature arising out of the alleged injury to his elbows, alleged carpal tunnel injury, alleged need for surgery to correct same and/or any other action or inaction of Francis Chimento Enterprises, Inc. or Protective Insurance Company which occurs after June 13, 2008. Nestor Miranda Payan further reserves the right to request reimbursement of mileage associated with medical treatment received at any time following the September 17, 2007 work accident.
 

 Claimant contends that as treatment for his back injury was not at issue in this litigation, the settlement and release were not applicable to these claims, notwithstanding the absence of a specific reservation of rights to pursue a claim for medical expenses related to his back. Claimant argues that the burden of proof is on defendants to establish the requisites for a valid compromise, including the parties’ intent to settle the differences being asserted in the action in which it is interposed, citing
 
 Brown v. Drillers, Inc.,
 
 93-1019 (La.1/14/94), 630 So.2d 741, 747. Further, claimant asserts that the compromise instrument is the law between the parties and must be [ interpreted according to the parties’ true intent. Claimant contends there was no intent to compromise his claims for treatment for his back injury, and therefore the settlement agreement does not preclude his present claims.
 

 However, a reading of the compromise agreement in this case clearly indicates that claimant agreed to release defendants from all claims arising out of the September 2007 work-related injury. Claimant also specifically agreed to dismiss all proceedings against defendants, and only reserved the right to assert claims for “the alleged injury to his elbows, alleged carpal tunnel injury, surgical correction of same” and any other action or inaction of defendants which occurred after the date of the settlement agreement. The record in this case, including the disputed claim and the corresponding discovery, makes it clear that claimant was alleging injury to his back as a result of the September 2007 accident. However, a reading of the settlement documents clearly shows that claimant failed to reserve his rights to pursue these claims involving his back, although the claims for injury to his elbow and the alleged carpal tunnel problem were specifically reserved to be resolved at a later date.
 

 We fail to find merit in claimant’s argument that the settlement documents are ambiguous. Rather, we find the agreement signed by claimant to be clear and unequivocal: claimant released defendants from all liability for his disputed claim,
 
 except
 
 for the alleged injury to his elbows and carpal tunnel and any actions occurring after the date of the settlement agreement. If the original claim only involved the knee surgery and penalties as claimant suggests in brief, there would have been no need to reserve his rights as to his elbows and carpal tunnel claims. Further, if claimant intended to reserve his rights as to his back injury, such a claim would
 
 *355
 
 have 18been reserved in the settlement agreement. As the back injury clearly existed prior to the date of the settlement agreement, we find that these claims were included by the parties in the settlement negotiations. We find that claimant’s claims for medical expenses related to his back were settled and compromised, and this compromise bars any future litigation of these issues.
 

 Further, although claimant relies on La. R.S. 23:1271 regarding lump sum settlements, we fail to find this statute to be applicable in the present situation. As indicated by the settlement documents, this is not a lump sum settlement as contemplated by La. R.S. 23:1271, but rather is expressly stated to be a “partial settlement.” There has been no resolution of compensation benefits in this agreement, and claimant reserved his right to seek benefits for injury to his elbows and carpal tunnel problems, surgery for correction of same and any other action or inaction of defendants which may occur after the date of the settlement agreement. By its express terms however, there is no reservation of rights as to any claims for an injury to claimant’s back and this claim is therefore precluded by agreement of the parties.
 

 Accordingly, we find no error of the workers’ compensation judge in granting an exception of res judicata as to claimant’s claims for medical expenses related to his back injury. The judgment is therefore affirmed.
 

 AFFIRMED.
 

 [1]
 

 . 4231. Res judicata
 

 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3)A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.