STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 21-319


FIRAL ROBERTSON

VERSUS

CITY OF NATCHITOCHES


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF NATCHITOCHES, NO. 19-04815
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie,
Judges.


**REVERSED AND REMANDED.**

**R. Bray Williams**
**Williams Family Law Firm, L.L.C.**
**P.O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Firal Robertson**

**Steven M. Oxenhandler**
**M. Allison Johnson**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6571**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Natchitoches**

**EZELL, Judge.**

Firal Robertson appeals a workers' compensation judgment, which dismissed his claim against the City of Natchitoches (the City) for an alleged right knee injury he sustained as an officer with the City of Natchitoches Police Department. The City filed a peremptory exception of res judicata based on a settlement agreement, which was sustained by the trial court. Officer Robertson appealed this decision.

## FACTS

Officer Robertson was employed by the police department in 2003. He worked as a school resource officer at Natchitoches Central High School at the time of the incident on April 16, 2015. According to the disputed claim form filed June 29, 2016, Officer Robertson was attempting to stop an altercation between students, when he "was pulled off balance and fell to the ground landing on his knees and had immediate pain in his knees and right hip." He listed his knees and right hip as the injured body parts. The parties eventually entered into a settlement agreement on November 22, 2016, and the suit was dismissed by judgment signed on November 28, 2016.

The present and second disputed claim for compensation was filed on July 29, 2019. The claim was based on the same incident as in the 2016 claim form and listed his knees, right hip, and back as the body parts injured. Officer Robertson now seeks treatment for his right knee.

The City filed an exception of res judicata on March 3, 2020, based on the settlement agreement. A hearing on the exception was held on January 26, 2021. Judgment was signed on February 25, 2021, in which the workers' compensation

judge (WCJ) sustained the exception and dismissed Officer Robertson's claims with prejudice. Officer Robertson then filed the present appeal.

## RES JUDICATA

Officer Robertson argues the WCJ erred in sustaining the City's exception of res judicata. He claims that the settlement agreement contained a broad and unlimited reservation of any and all rights to future workers' compensation benefits and/or claims for benefits. The City argues that Officer Robertson released any and all claims related to the accident, other than any claims for future benefits for his low back and right hip. The City contends that Officer Robertson should have specifically reserved his rights as to his right knee injury in the settlement agreement but failed to do so.

Pursuant to La.R.S. 13:4231, a judgment bars a second action which arises out of the occurrence which was the subject matter of the prior action. However, the plaintiff is not barred from bringing another action when the judgment reserved the right of the plaintiff to bring another action. La.R.S. 13:4232(A)(3).

A written transaction or compromise which puts the end to a lawsuit has the effect of a thing adjudged. *Holloway Drilling Equip. v. Broussard*, 14-668 (La.App. 3 Cir. 1/14/15), 158 So.3d 164, *writ denied*, 15-312 (La. 5/1/15), 169 So.3d 372. Louisiana Revised Statutes 13:1271 recognizes the rights of parties in workers' compensation actions to voluntarily settle claims.

The standard of review to be applied when reviewing a trial court's ruling sustaining an exception of res judicata was recently discussed by this court:

> When an exception of res judicata is raised before the case is submitted in the trial court and evidence is received on the exception, the traditional standard of review on appeal is manifest error. *Leray v. Nissan Motor Corp. in U.S.A.*, 05-2051 (La.App. 1 Cir. 11/3/06), 950 So.2d 707. However, "the res judicata effect of a prior judgment is a

question of law that is reviewed de novo." *Fogleman, et al. v Meaux Surface Protection, Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.

*Newburger v. Orkin, L.L.C.*, 20-534, p. 3 (La.App. 3 Cir. 5/5/21), 320 So.3d 465, 467, *writ denied*, 21-782 (La. 10/1/21), ___ So.3d ___ (footnote omitted).

The settlement agreement provided:

> As part of the settlement the **City of Natchitoches will accept claimant's April 16, 2015 right hip and low back injury as a compensable event** having arisen out of and in the course and scope of his employment and **thereby letting him reserve his future rights to workers' compensation benefits** and the City of Natchitoches will pay to claimant $4,000.00 in statutory penalties and $4,000.00 in attorney's fees.
>
> Additionally the City of Natchitoches will reimburse the following:
> 1)   Claimant's sick leave that he had to take related to his hip/low back as a result of the event on April 16, 2015;
> 2)   Up to $3,750.00 in verified out of pocket health costs related to the April 16, 2015 event;
> 3)   Up to $80.00 in verified out of pocket prescription costs for prescription bills he paid as a result of the April 16, 2015 event;
> 4)   Medical mileage that was incurred as a result of the April 16, 2015 event as per the appropriate workers' compensation rate;
> 5)   To the extent necessary his health insurer for monies that they might claim are due; and
> 6)   The cost of the deposition fee in the amount of $233.00.
>
> . . . .
>
> Employee agrees to sign, upon payment of the agreed amount, the receipt and release of all claims attached hereto, and rights of action he might have had at any time against the employer, **reserving any and all rights to future workers' compensation.**
>
> . . . .
>
> WHEREFORE, promises considered, employee and employer pray that after due consideration of the compromise settlement presented, there be an order of approval by the Judge approving the compromise settlement, authorizing the compromise settlement to be made, and that there be judgment rendered herein dismissing with full

3

prejudice all claims by employee against employer under the terms and conditions set forth herein, **with employee reserving any and all future rights under the Louisiana Worker's Compensation Act.**

The order of approval (emphasis supplied) stated that the City agreed to accept the right hip and low back injury as compensable and then went on to state:

> IT IS FINALLY ORDRED, ADJUDGED AND DECREED that upon payment of the $8,000.00 in a lump sum, without discount, along with the other conditions set forth in Paragraph 6 of the Joint Petition, **the employer shall forever be released and relieved from any and all past and present claims of employee for indemnity benefits, rehabilitation expenses, medical expenses, attorney's fees, penalties, costs and any claims whatsoever of any kind, known or unknown, which arose out of any activity that occurred prior to the date of this judgment** and which arises out of Title 23, Chapter 10, Revised Statues [sic] of Louisiana, growing out of or in any way involving the accident or injury which occurred on or about April 16, 2015, **reserving to employee to the extent provided by law, the right to seek future workers' compensation benefits, statutory penalties and/or attorney's fees or [any] and all other future benefits allowable under the Louisiana Workers' Compensation Act.**

The settlement agreement between the parties clearly settles all claims with regard to only Officer Robertson's hip and low back injuries. However, the order of approval language seems to settle all past and present claims the Officer Robertson may have with respect to any accident that occurred prior to the date of the order of approval.

When the settlement agreement between the parties and the order of approval conflict, this court recognizes the settlement agreement is the controlling document that governs the rights of the parties. *Tyson v. Thompson Home Health*, 10-1040 (La.App. 3 Cir. 3/16/11), 59 So.3d 509, *writ granted*, 11-760 (La. 6/3/11), 63 So.3d 1020, *writ denied as improvidently granted*, 11-760 (La. 10/25/11), 79 So.3d 246. "The only purpose that the order of approval serves, 'is to prevent the ill-advised or hasty resolution of the employee's claim that could inure to [his]

serious detriment.'" *Clark v. Sedgwick CMS*, 17-1063, p. 8 (La.App. 3 Cir. 5/30/18), 247 So.3d 850, 856 (quoting *Tyson*, 59 So.3d at 512) (alteration in original).

In *Russell v. Snelling Personnel*, 01-2134 (La.App. 1 Cir. 10/9/02), 835 So.2d 672, the first circuit held that res judicata did not bar a claim for penalties and attorney fees finding that the consent judgment did not settle the entire dispute between the parties. The first circuit specifically held that the consent judgment "reserved any other rights claimant might have had to past or future benefits." *Id.* at 676. In *Payan v. Francis Chimento Enterprises, Inc.*, 09-826, p. 7 (La.App. 5 Cir. 2/23/10), 34 So.3d 351, 354, the fifth circuit found that a compromise agreement only reserved rights to "assert claims for 'the alleged injury to his elbows, alleged carpal tunnel injury, surgical correction of same.'" The settlement agreement did not reserve a right as to a back injury and was res judicata as to the claimant's claims for medical expenses related to his back injury.

Officer Robertson listed his knees as injured body parts in his first disputed claim for compensation, so the City was aware that his knees were an issue. Yet, the settlement agreement only provided that the City was compensating Officer Robertson for his right hip and low back injury and that the City would be released from any claim pursuant to the settlement agreement arising out of the accident. Both the settlement agreement and the order of approval reserve Officer Robertson's right to any future workers' compensation benefits without limitation.

While the settlement agreement did not reserve any rights Officer Robertson may have for past benefits, it clearly reserved his rights to all future benefits. The present claim form was filed four years after the accident and three years after the first disputed claim was filed. Even though Officer Robertson listed his knees as

5

injured, he obviously did not need treatment at the time. The City could have also listed the knees as part of the settlement agreement in addition to the hip and back or plainly listed all injuries arising out the accident, but it did not do so. We find that the WCJ committed manifest error in sustaining the exception of res judicata filed by the City.

For the reasons set forth in this opinion, the judgment sustaining the peremptory exception of res judicata filed by the City of Natchitoches is reversed. This case is remanded to the Office of Workers' Compensation for further proceedings. All costs of this appeal are assessed to the City of Natchitoches.

**REVERSED AND REMANDED.**