398 So.2d 549 (1979)
Marcia Batiste SMITH
v.
Willie SMITH.
No. 12952.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Writ Denied March 28, 1980.
*550 Joseph A. Gladney, Robert Talley, Baton Rouge, for plaintiff-appellant Marcia Batiste Smith.
Doris Gates Rankin, Baton Rouge, for defendant-appellee Willie Smith.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This matter originated as a divorce action brought by the plaintiff, Marcia Batiste Smith, against her husband, Willie Smith. The defendant answered, denying the allegations, and with his answer he filed four interrogatories which were primarily aimed at the question of the wife's employment. Those interrogatories were filed on February 6, 1979, and were served upon the plaintiff through her counsel on February 8. On March 2, the plaintiff having failed to respond to the interrogatories within 15 days after service, as required by LSA-C.C.P. art. 1458, the defendant moved for a rule to compel answers to the interrogatories and for expenses. The show cause order was set for hearing on March 8. The plaintiff did not file an opposition or seek an extension of time. On March 7, the day before the hearing, she filed the answers. On March 8, the rule was heard and the plaintiff was cast with $75.00 attorney's fees and costs. This judgment was signed on March 12. Trial on the merits was held on March *551 26, decided in defendant's favor, and on March 29 the lower court dismissed plaintiff's suit for divorce. On April 14, she moved for and obtained an order of devolutive appeal "from the judgment of March 12, 1979." Therefore, only the question of attorney's fees on the rule is before this Court on appeal. We affirm.
Although neither party raised the issue, we must point out that a judgment assessing attorney's fees for failure to make discovery as required by statute is interlocutory and nonappealable; the proper device is to apply for supervisory writs. Roy v. Moity, 225 So.2d 315 (La.App. 3 Cir. 1969). However, in this case, since appeals are favored, and since the appellant did not move for and obtain an order of appeal until April 14, which was after the judgment on the merits, we will entertain the case although the record shows that the appeal was from the March 12 judgment. It might be considered that the interlocutory judgment on March 12 was merged with the final judgment on March 29.
The plaintiff's main contention on appeal is that the trial judge did not actually order the plaintiff to answer the interrogatories, because the plaintiff had filed her answers prior to the hearing on the motion to compel.
LSA-C.C.P. art. 1469(4) clearly permits the trial judge to allow attorney's fees and other reasonable expenses, unless the party failing to answer the interrogatories timely was "substantially justified or that other circumstances make an award of expenses unjust." The trial judge is necessarily granted broad discretionary powers in determining whether or not expenses and attorney's fees will be awarded. Duplechien v. McNabb, 260 So.2d 789 (La.App. 4 Cir. 1972), writ denied, 262 La. 132, 262 So.2d 395 (1972). We have reviewed the record and find no manifest error in the trial court's award of $75.00 as attorney's fees. Hartford Accident & Indemnity Company v. Byles, 280 So.2d 624 (La.App. 3 Cir. 1973).
We find no merit in the plaintiff's contention that, because of the fact that at the time the motion was argued the answers had already been filed in the record, the motion to compel the plaintiff to answer the interrogatories was never granted and therefore attorney's fees could not be recovered. The party to whom the interrogatories are directed can either request an enlargement of the time within which to file his answers, or he may file an opposition to the interrogatories; however, he cannot merely sit back and wait to be ruled into court and then expect to avoid the discovery sanctions. We find that the plaintiff herein was properly assessed with attorney's fees for her failure to timely respond to the interrogatories.
The judgment is, therefore, affirmed at the appellant's costs.
AFFIRMED.