380 So.2d 104 (1979)
Eva Landry AGUILLARD
v.
Marcie J. AGUILLARD.
No. 12811.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Carey J. Guglielmo, Baton Rouge, of counsel for plaintiff-appellant Eva Landry Aguillard.
Stephen C. Riedlinger, Baton Rouge, of counsel for defendant-appellee Marcie J. Aguillard.
Before EDWARDS, PONDER, LEAR, COLE and SARTAIN, JJ.
EDWARDS, Judge.
Eva Landry Aguillard, plaintiff-appellant, was granted a judgment of separation from her husband, Marcie J. Aguillard, by the Family Court of East Baton Rouge Parish. Alimony pendente lite in the sum of $1,000.00 monthly was awarded to her. Mrs. Aguillard appeals the trial court's specific determination that mutual fault of the parties brought about the separation. In addition, Mr. Aguillard seeks a reduction of alimony to $500.00 per month while Mrs. Aguillard urges an increase. We affirm.
The relevant codal provision in this case is LSA-C.C. Art. 141:
"A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony pendente lite may be allowed but permanent alimony shall not be allowed thereafter following divorce."
Mrs. Aguillard claims that the facts do not support a finding of mutual fault. We disagree.
Testimony established that there was virtually no communication between husband and wife (T 60, 64, 95). Mrs. Aguillard occasionally spoke to her daughter, Christy, as an intermediary rather than communicate with Mr. Aguillard (T 63). The Aguillards cursed, shouted and screamed at one another (T 60, 61).
Mrs. Aguillard testified that sexual relations were very infrequent and that she moved into her daughter's room because she felt "ugly when I did have relations ..." (T 107). Mr. Aguillard stated that the move created a very poor atmosphere for sex and that requesting relations was extremely difficult (T 89).
Mrs. Aguillard complained that while she was given $1,550.00 per month to run the house, relations gradually deteriorated and her husband treated her as if she weren't even there (T 108-111). She objected to the fact that he had a Lincoln Continental while she was relegated to a Ford Torino (T 111). She especially disliked Mr. Aguillard's habit of conducting financial matters *105 without informing her. On one particular occasion she felt "betrayed completely" (T 119-122). These conditions led to her grandstand request that Mr. Aguillard give her $25,000.00 (T 117).
Mr. Aguillard characterized his home life as "Very unpleasant. Very irritating" (T 87). He related that in addition to Mrs. Aguillard's final leaving without notice (T 77), she had previously absented herself from home several times without his knowledge (T 87).
Mr. Aguillard's analysis of his wife's homemaking was most critical. The food was poor and
"there were very few times in the past three or four years that I had a decent supper to eat." (T 87).
"The meals were served to me over cold rice and a piece of dry meal. The next day probably chicken cooked the same way with this same cold dry rice, over and over and over." (T 88).
Mr. Aguillard, admitted by his wife to be a cured alcoholic (T 106, 107), claimed that his hospitalization eight years before for treatment of depression was brought on by Mrs. Aguillard's refusal to care for him at home when he was ill (T 91-93).
Mrs. Aguillard evidently considered conditions unbearable. Having no intention of returning (T 125), she abandoned the family home and filed suit.
A careful review of the record leads us inexorably to the conclusion that this separation was properly found to be based on mutual fault.
Verbal jabs, sexual estrangement and general domestic hostility brought down this tottering marriage of twenty-seven years. The record is replete with indignities heaped by each spouse on the other. However, we do note that Mr. Aguillard, as head and master of the community, had clear authority to manage the family finances alone. LSA-C.C. 2404.
A trial court's finding of fact on the issue of fault will not be disturbed on appeal unless manifestly erroneous. Pearce v. Pearce, 348 So.2d 75 (La.1977). From our extensive examination of the facts in this case, we find no error.
For the foregoing reasons, the trial court judgment is affirmed. All costs of this appeal are to be paid by Eva Landry Aguillard.
AFFIRMED.
COLE, J., respectfully dissents believing that the alimony award should be increased to $1,500 per month and that the wife is without fault.