392 So.2d 722 (1980)
Elijah GREEN, Plaintiff-Appellant,
v.
PROVENCAL TIE MILL et al., Defendants-Appellees.
No. 7898.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*723 Fuhrer & Flournoy, George A. Flournoy, Alexandria, for plaintiff-appellant.
Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and SWIFT, JJ.
SWIFT, Judge.
The plaintiff, Elijah Green, brought this workmen's compensation suit against the defendants, Provencal Tie and Lumber Company, Inc. (Provencal) and Terry Boswell, seeking to recover benefits for total and permanent disability. The trial court rendered judgment in favor of the defendants and dismissed the suit. From this judgment the plaintiff perfected this appeal.
The plaintiff contends the trial court erred in: (1) failing to award the expenses he incurred by the defendants' failure to timely answer the plaintiff's interrogatories; (2) in not finding the plaintiff to be totally disabled from the date of his injury through the first week in February, 1980; (3) in incorrectly computing the weekly compensation rate; (4) in failing to award medical and travel expenses; and (5) in not awarding penalties and attorney's fees for the arbitrary nonpayment of medical and disability benefits.
The facts are that on August 24, 1979, the plaintiff suffered injuries to the little finger of his left hand while engaged in the course and scope of his employment as a laborer stacking cross ties at Provencal's saw mill in Natchitoches Parish. He left work later that day and was treated by Dr. Robert R. Sills, a local general practitioner, for a laceration and fracture of his finger.
Mr. Boswell, an incorporator and apparently the managing officer of Provencal, inquired at the doctor's office and was told by his receptionist-secretary that plaintiff had been released and was able to go back to work about September 18, 1979. Green returned to the mill and was employed for only two days. He testified that he was unable to perform his work because of pain in his finger.
Dr. Sills was not called to testify at the trial. However, there is a report in evidence written to the defendants' attorney dated October 8, 1979, which reflects that the doctor saw Green on August 24 and 28 and September 12, 1979. On August 28 the sutures were removed, a splint was applied and an appointment was made for plaintiff to see Dr. Banks, an orthopedic surgeon in Alexandria. The report further states that on September 12 Dr. Sills suggested to the plaintiff that he return to work on a trial basis on September 18, however, Dr. Banks should be contacted for further information on the patient.
*724 On October 16, 1979, the plaintiff was examined by Dr. John T. Weiss and several times thereafter he was seen by Dr. Cedric Lowery. Both of these physicians were associated with Dr. T. E. Banks at the Alexandria Orthopedic Clinic.
Dr. Lowery testified by deposition that Dr. Weiss found the fractured finger had not healed on October 16 and turned Green over to him for follow up because Dr. Lowery did most of the hand work. The latter did not think plaintiff should have been working at that time. Green did not return to the doctor's office after December 18, but Dr. Lowery's opinion was that he could not return to his job as a tie stacker until the early part of February, 1980.
No other medical or lay (except the plaintiff's) testimony on the question of disability appears in the record. However, the trial judge stated that he viewed plaintiff's injured left little finger at the trial and did "not discern any disability which would prohibit or in any way effect (sic) plaintiff's ability to get a job on the open market as a common laborer."
The defendant paid the plaintiff compensation at the rate of $60.00 for three weeks after the injury, but terminated payments when Dr. Sills' office told him Green had been released and was able to return to work.
At the time this suit was filed on October 24, 1979, the corporate employer was incorrectly named in the petition. In an effort to ascertain the proper party defendant, the plaintiff propounded interrogatories to the named defendants on November 23. Because the interrogatories were not answered on December 28, the plaintiff filed a motion to compel answers and to recover the expenses thereof. The rule to show cause why the defendants should not be ordered to answer the interrogatories, for some reason not disclosed in the record, was signed by the trial court on January 2, 1980. However, the answers were filed on December 31, 1979. The proper corporate defendant was named in a supplemental and amending petition filed on January 3, 1980.
The motion to compel discovery was passed and tried with the merits on January 22, 1980. Thereafter, the motion was denied and judgment was rendered rejecting the plaintiff's demands. The trial court held that the plaintiff had failed to prove he was disabled. The judge further found the plaintiff's trips to Dr. Lowery were not for treatment, but that he was sent there by his attorney for the purpose of building up a workmen's compensation case. Consequently, the employer was not required to provide travel expenses.
The plaintiff first contends on this appeal that the trial court erred in not awarding costs and attorney's fees for the motion to compel discovery pursuant to LSA-C.C.P. Art. 1469(4), citing Chiasson v. Widman, 376 So.2d 350 (La.App. 3 Cir. 1979). The situation presented in Chiasson was very similar to what happened in this case. However, we recognized there that such an award is within the sound discretion of the trial judge. Also see Duplechien v. McNabb, 260 So.2d 789 (La.App. 4 Cir. 1972). The defendant in the instant suit answered the interrogatories before the rule to show cause was ordered and we cannot say that there was a clear abuse of discretion under the circumstances.
We are convinced from our review of the record, however, that otherwise the trial court was clearly wrong.
The uncontradicted medical evidence is to the effect that the injuries which plaintiff sustained to his finger caused him temporary total disability until the first part of February, 1980. Dr. Sills' report says he "suggested that Mr. Green return to work on a trial basis on September 18, 1979", but it contains no expression of opinion the he could actually do such work. Instead, the defendants' attorney was advised to contact Dr. Banks, to whom the plaintiff was referred, for further information on the subject. This is the only thing in the record from Dr. Sills himself in regard to the plaintiff's disability. And Dr. Banks's associate testified that Green was not able to return to his employment until February. The only evidence to the contrary *725 was the testimony of defendant Boswell that he was told by Dr. Sills' office that Green had been released to return to work sometime after the accident. This is not in our opinion sufficient support for the trial judge's finding that the plaintiff failed to prove he was disabled and we conclude he was manifestly in error in this respect. Plaintiff is entitled to judgment for weekly compensation benefits to temporary total disability from August 24, 1979, to February 7, 1980.
The plaintiff next contends that the three $60.00 weekly compensation payments he received were not computed correctly. The defendant Boswell determined this weekly rate by multiplying the average of plaintiff's weekly wages for a three-month period by 662/3%. This, of course, is incorrect. The plaintiff was paid on an hourly basis of three dollars per hour. LSA-R.S. 23:1021(7)(a) provides the formula for determining the wages of an employee paid on an hourly basis as follows:
"... `wages' means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows: (a) If the employee is paid on an hourly basis, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury or forty hours, whichever is greater," (Emphasis added)
Therefore, if the average number of hours worked in the previous four weeks is less than forty hours, the average weekly wage should be computed by multiplying the plaintiff's hourly wage rate by forty hours. Arthur v. McConnell, 286 So.2d 499 (La. App. 2 Cir. 1973); Skinner v. Boise Southern Co., 364 So.2d 223 (La.App. 3 Cir. 1978). In the instant case the plaintiff's hours for the prior four weeks averaged less than 40. Consequently, the weekly compensation benefits to which he is entitled are 662/3% of $3.00 times 40 hours ($120.00) or $80.00 per week from August 24, 1979, to February 7, 1980, subject to a credit of $180.00 previously paid by the employer.
The plaintiff next contends the trial court erred in not awarding medical and travel expenses for the appointments with Dr. Banks's associates in Alexandria. We agree that the trial court was clearly wrong in concluding that these medical expenses were not incurred for treatment. Our decree will include an award of $220.50 for the medical expenses and $72.96 for travel.[1]
Lastly, the plaintiff contends the trial judge erred in not awarding penalties and attorney's fees under LSA-R.S. 23:1201.2. We agree.
Without seeking advice from anyone, Mr. Boswell used the wrong formula to compute plaintiff's compensation rate. As a result the weekly payments were $20.00 less than they should have been. Despite demands for payments of the maximum weekly compensation, no attempt was made to correct the error by paying the deficiency even after defendants employed an attorney. We are unable to find any substantial basis for the failure to pay weekly compensation at the correct rate.
Furthermore, we are convinced the defendants were arbitrary in failing to inquire with Dr. Banks' associates as to the plaintiff's condition and resuming payment of compensation benefits after receiving Dr. Sills' letter of October 8. Had they done so, they certainly would have learned from the orthopedists that he was still disabled at that time. As stated heretofore, Dr. Sills, did not say in that report the plaintiff was able to resume work. He suggested that defendants' attorney get further information on the subject from Dr. Banks.
In Chavis v. Maryland Casualty Company, 307 So.2d 663 (La.App. 3 Cir. 1975), writ denied, 310 So.2d 854 (La.1975), this court said:
"Under neither report was the defendant-insurer able to assume plaintiff could return to work. No such indication was given by either report. A conclusion that *726 plaintiff was no longer disabled and could return to work was therefore completely unwarranted.
As held by the trial judge:
`It was at least incumbent upon defendant to make further inquiry as to plaintiff's true condition since it had no definite expression from the physician as to termination of disability. This it failed to do and chose, instead, at its risk, to rely upon its own erroneous interpretation of the reports.'" [Authorities Omitted]
See also Norris v. Southern Cas. Ins. Co., 342 So.2d 874 (La.App. 3 Cir. 1977); Williams v. Liberty Mutual Insurance Company, 327 So.2d 462 (La.App. 3 Cir. 1976); Wiley v. Southern Cas. Ins. Co., 380 So.2d 214 (La.App. 3 Cir. 1980).
Assuming but without deciding that the defendants were justified in terminating compensation on the basis of the information Mr. Boswell got from Dr. Sills' secretary to the effect that plaintiff was able to resume work on September 18, when their attorney received Dr. Sills' letter of october 8 they could not blindly rely on the prior information and avoid penalties for arbitrary non-payment of compensation benefits that were obviously due. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La. 1976).
All things considered, we are convinced that the plaintiff herein is entitled to recover the statutory penalties and an attorney's fee.
In view of the brevity of the trial we believe that an award of $2,000.00 for the attorney's fee is adequate for the services rendered both in the district court and on this appeal.
Although plaintiff has joined both Provencal Tie and Lumber Company, Inc. and Terry Boswell as defendants in this suit, the proof establishes that the former was actually Green's employer. Consequently, the judgment was correct in dismissing the suit against Mr. Boswell.
For the foregoing reasons, the judgment of the district court is affirmed insofar as it denied plaintiff's motion to compel discovery and dismissed the suit as to defendant, Terry Boswell. Otherwise, it is reversed. Accordingly, the decree is recast as follows and rendered:
It is ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Elijah Green, and against the defendant, Provencal Tie and Lumber Company, Inc., for weekly compensation benefits for temporary total disability at the rate of $80.00 per week from August 24, 1979, to February 7, 1980, with legal interest and 12% penalty thereon, subject to a credit of $180.00 previously paid by the defendant, plus $293.46 for medical and travel expenses, with 12% thereof as penalty, and $2,000.00 for his attorney's fee. All costs of the suit, including the appeal, are assessed to the said defendant.
It is further ORDERED, ADJUDGED AND DECREED that the plaintiff's motion to compel discovery and for expenses is denied and this suit is dismissed as to defendant, Terry Boswell.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] Four round trips of 114 miles from plaintiff's home to the Alexandria doctor's office at 16 cents per mile.