442 So.2d 1379 (1983)
J. Lee TATE, Jr., Plaintiff-Appellee,
v.
Marcella Thompson TATE, Defendant-Appellant.
No. 83-450.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1380 Doris Gates Rankin, Baton Rouge, for defendant-appellant.
Daine Sorola, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
DOMENGEAUX, Judge.
J. Lee Tate, Jr. filed suit seeking a separation from bed and board from his wife, Marcella Thompson Tate. He sought the separation on grounds of cruel treatment. Mrs. Tate denied his allegations and reconvened for a separation in her favor on the grounds of abandonment.
After trial of this matter was held, judgment was signed in favor of the plaintiff-husband and against the defendant-wife granting plaintiff a separation based on the fault of the defendant. She has devolutively appealed from this judgment.
The Tates had been married over twenty-five years at the time these proceedings were initiated. They had apparently experienced marital difficulty for some time. On May 20, 1982, J. Lee Tate, Jr. filed a petition for separation alleging that he was entitled to it based upon certain acts of the defendant which he claimed rendered the parties living together insupportable. After defendant had timely answered, interrogatories were propounded upon plaintiff's counsel of record. Timely answers were not filed and a motion to compel answers to interrogatories was filed. Before a hearing was held on the motion, answers to the interrogatories were filed and this matter proceeded to trial on the merits.
The parties themselves were the only witnesses who testified at trial. Mr. Tate testified: (1) that his wife wrongly accused him of engaging in adulterous relationships; (2) that she made those wrongful accusations in the presence of the children; (3) that she engaged in long and excessive periods of silence; (4) that she directed excessive negative comments and/or engaged in consistent nagging and berating of the petitioner; (5) that she constantly harassed him at work; and (6) that she harassed his parents with the apparent intention of harming him.
Mrs. Tate denied these allegations and testified that plaintiff had abandoned her on May 1, 1982. The trial judge obviously believed Mr. Tate's account of what happened because he found that the plaintiff had left the matrimonial domicile with lawful *1381 cause and granted him a separation based upon the fault of the defendant.
Mrs. Tate appeals this judgment alleging that the trial court erred when it found that she was at fault in the dissolution of the marriage. She also assigns as error the trial court's failure to assess attorney's fees for plaintiff having not timely filed his answers to the interrogatories.
We find no merit in either of defendant's assignments of error and accordingly affirm.
As to defendant's first assignment of error it should be noted that in separation proceedings, the trial court's finding of fact on the issue of fault will not be disturbed on appeal unless manifestly erroneous. Pearce v. Pearce, 348 So.2d 75 (La. 1977); Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982); Douglas v. Douglas, 385 So.2d 402 (La.App. 1st Cir. 1980), writ refused, 386 So.2d 358 (La. 1980); and Aguillard v. Aguillard, 380 So.2d 104 (La.App. 1st Cir.1979), writ denied, 381 So.2d 1206 (La.1980). In his reasons for judgment, the trial judge stated:
"The court suspects that in this case her [defendant's] physical and mental state are responsible for the marriage breakup,....
There is no doubt she harassed him until he left; and, he did leave.
However, on the evidence presented, the court believes he proved she made marriage unbearable." (Emphasis added).
Cruel treatment in any form which renders living together insupportable is a legal ground for a separation from bed and board. La.C.C. Art. 138; McVay v. McVay, 276 So.2d 926 (La.App. 3rd Cir. 1973); Baggett v. Baggett, 311 So.2d 501 (La.App. 4th Cir.1975). In the present case, there is ample evidence in the record to support the judgment in plaintiff's favor. Although Mrs. Tate denied all of the plaintiff's allegations the trial judge evidently felt that Mr. Tate's version of the events constituted a more accurate account of what actually happened and accordingly held the cumulative effect of the wife's various actions amounted to cruel treatment which rendered the living together insupportable. We cannot say that the trial judge's finding of fact on the issue of fault was manifestly erroneous and therefore affirm the judgment of separation granted to the plaintiff based on the defendant's fault.
As to appellant's second contention, i.e., the trial judge erred in not assessing attorney's fees for plaintiff's failure to timely file his answer to the interrogatories, we note that although a hearing was set on the motion to compel answers, no order to compel was granted. No order issued because plaintiff filed his answers prior to the date set for hearing the motion thereby alleviating the necessity of such. Although no order compelling answers to be filed ever issued, the trial judge did sign a rule to show cause why defendant should not be required to answer the interrogatories and condemned to pay attorney's fees.[1]
La.C.C.P. Art. 1469 is the codal authority for awarding attorney's fees when a party's action necessitates an order compelling discovery. That Article states:
"A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
(1) An application for an order to a party or a deponent who is not a party may be made to the court in which the action is pending.
(2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted *1382 as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.
If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Article 1426.
(3) For purposes of this Subdivision an evasive or incomplete answer is to be treated as a failure to answer
(4) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." (Emphasis added).
"It is well recognized in the jurisprudence... that as a general rule attorney's fees are not allowed except where authorized by statute or contract." Hernandez v. Harson, 237 La.389, 111 So.2d 320, 327 (1959) (Citations omitted). Thus if attorney's fees are recoverable in this case, such action must be accomplished under the authority of La.C.C.P. Art. 1469. Under the emphasized portion of that Article a trial judge is given authorization to award attorney's fees only when "the motion is granted, (or denied) ... after opportunity for hearing" or when the "motion is granted in part and denied in part."
The motion which Article 1469 refers to is a motion for an order compelling discovery, not a motion for a rule to show cause why the order should not issue. The rule to show cause is merely a means by which the end result, the order compelling discovery, is accomplished. Therefore the motion is not "granted" or "denied" as required by La.C.C.P. Article 1469 until "after opportunity for hearing" it is determined that the order should or should not issue. Only at that point may attorney's fees be granted.[2]
"[T]he trial court may award attorney's fees if it issues an order compelling an answer to the interrogatories ... [or determines *1383 the order is unnecessary.] To award attorney's fees absent the order contemplated by the cited Codal article is without authorization by the legislative enactments of this state."[3]
Dural v. City of Morgan City, 407 So.2d 757, 759 (La.App. 1st Cir.1981).
We therefore find that it was not only proper for the trial judge not to award attorney's fees in this case but he was without authority to do so.
For the above and foregoing reasons the judgment of the trial court is affirmed, with all costs on appeal assessed against defendant, Marcella Thompson Tate.
AFFIRMED.
STOKER, J., concurs in part and dissents in part and assigns written reasons.
STOKER, Judge, concurring in part and dissenting in part.
I fully concur in the majority's opinion relative to the separation matter and the affirmance of the trial court's judgment in that regard. I dissent as to the second matter, the question of the failure of the trial court to award attorney's fees in connection with the defendant's motion to compel answers to interrogatories. The trial court set the hearing on the motion on the same day as trial of the merits. The matter did come on for hearing on the date set for trial at the same time as the trial despite the fact that plaintiff had filed answers to the interrogatories on a day or so preceding the trial.
Although defendant's counsel made some objection that she had not been able to determine the sufficiency of the answers, she appears to have contented herself with a statement that the court should at least consider the claim for attorney's fees incurred in filing the motion. The trial judge announced that he would "refer the matter to the merits." It would seem to be more accurate to say that the trial judge took the attorney fee question under advisement because it was not a part of the merits of the case strictly speaking. The motion to compel answers to interrogatories phase of the question was apparently treated as moot. At this stage it obviously is moot.
As the record stands the attorney fee question was never ruled on by the trial court. As the question was not a part of the merits of the case tried, there was no rejection of the claim by the trial court. It is still pending and is not really before us on appeal.
Inasmuch as the attorney's fee question did come on for hearing and was taken under advisement, I would remand this issue to the trial court for its disposition. It might take the same position as that of the majority, or it might follow Smith v. Smith, 398 So.2d 549 (La.App. 1st Cir. 1979), or take some other action. Once the trial court made a ruling, whatever it was, it would then be ripe for the taking of an appeal by a party aggrieved by the trial court ruling. Until such should be done, I feel that we should refrain from entertaining an appeal on the question of attorney's fees as it is not before us. Therefore, I dissent from this portion of the opinion of the majority in this case.
NOTES
[1] See La.C.C.P. Art. 963 which authorizes the use of the rule to show cause on contradictory motions.
[2] But see, Green v. Provencal Tie Mill, 392 So.2d 722 (La.App. 3rd Cir.1980), which appears to imply that the filing of the motion to compel discovery is the action which triggers the authority of the trial judge to award attorney's fees and from that point the decision to award or not to award would be within the judge's sound discretion. Green at 724. See also, Smith v. Smith, 398 So.2d 549 (La.App. 1st Cir.1979), writ denied, 399 So.2d 585 (La.1980), which supports the rationale of Green. However, we note that even though the language of Smith supports the proposition that the filing of the motion is the triggering device; attorney's fees were not awarded until after the rule was heard. Further, the rationale of Green and Smith may more equitably achieve the purpose of La.C.C.P. Art. 1469 in compensating a party for action required by the delay of his opponent. The filing of the motion is equivalent to action taken and expense incurred by the delay of another party. It may well therefore be that the moving party should be allowed attorney's fees for the cost of the motion regardless of whether an order issues. However, the directive of La.C. C.P. Art. 1469 is clearly to the contrary and the problem is one which addresses itself to the legislature because we are obligated to follow the law as written.
[3] Although the court in Dural was dealing with former La.C.C.P. Art. 1511, La.C.C.P. Art. 1469 provides substantially the same and the analysis of the court remains correct.