916 So.2d 271 (2005)
MILL CREEK HOMEOWNERS ASSOCIATION, INC.
v.
Phillip W. MANUEL and Carolyn Barr Manuel.
No. 2004 CA 1386.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
Guy A. Modica, Baton Rouge, Counsel for Plaintiff/Appellee Mill Creek Homeowners Association, Inc.
Jeffery L. Sanford, Baton Rouge, Counsel for Defendants/Appellants Phillip W. Manuel and Carolyn Barr Manuel.
Guy A. Modica, Baton Rouge, Counsel for Intervenors/Appellees John P. Cadenhead, Marsha Cadenhead, Maurice P. Whitcomb, Francis John Carmesin, James W. Spruell, Ryland J. Bringol, Patricia Thrower Bringol, Tommy D. Dudley, and Thomas Bates.
Before: GUIDRY, GAIDRY, and McCLENDON, J.J.
McCLENDON, J.
In this companion case to 2004 CA 1385, also decided this day, appellants, *272 Phillip W. Manuel and Carolyn Barr Manuel, appeal the March 15, 2004 judgment holding Mr. Manuel in constructive contempt of court.[1] For the following reasons, we affirm.
A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. Contempts of court are of two kinds, direct and constructive. LSA-C.C.P. art. 221.
A direct contempt of court is defined in LSA-C.C.P. art. 222 as "one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record." Constructive contempt of court is defined in LSA-C.C.P. art. 224 as "any contempt other than a direct one." Further, article 224 sets forth certain acts as constituting a constructive contempt of court, including:
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
(10) Any other act or omission punishable by law as a contempt of court, or intended to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority, and which is not a direct contempt.
To find a person guilty of constructive contempt, it is necessary to find that he or she violated the order of court intentionally, knowingly, and purposely, without justifiable excuse. The trial court is vested with great discretion in determining whether a party should be held in contempt for disobeying a court order, and its decision will be reversed only when the appellate court discerns an abuse of that discretion. Leger v. Leger, 00-0505, p. 3 (La.App. 1 Cir. 5/11/01), 808 So.2d 632, 635; de Nunez v. Bartels, 97-1384, p. 13 (La.App 1 Cir. 9/9/98), 727 So.2d 463, 469-70.
In the instant matter, after hearing all of the testimony and reviewing the evidence, the trial court found that Mr. Manuel had violated the judgment of February 3, 2004, ordering him to remove all construction equipment from his property.[2] Additionally, Mr. Manuel admitted at the hearing that he kept two goose-neck, dual-axle trailers on his lot. After a thorough review of the record, we cannot say that the trial court abused its discretion in finding a willful violation of the February 3, 2004 judgment.
Mr. Manuel argues, however, that the February 3, 2004 judgment was not a *273 valid consent judgment and therefore, according to Mr. Manuel, he cannot be held in contempt of an invalid judgment. Although the record reflects a valid consent judgment, assuming arguendo that the consent judgment was invalid, Mr. Manuel was in contempt for willfully violating the original January 31, 2002 judgment ordering the Manuels "to permanently remove any construction equipment that is kept on Lot 39 in Mill Creek Subdivision."
Thus, in accordance with Uniform Rules  Louisiana Courts of Appeal, Rule 2-16.2A (6) and (7), we affirm the March 15, 2004 judgment of the trial court at the Manuels' costs.
AFFIRMED.
NOTES
[1] At the February 18, 2004 hearing in this matter, Mr. Manuel was also found to be in direct contempt of court and his sentence of serving two days in jail was increased to ten days in jail. It is a well established rule of law that a judgment holding a party in direct contempt of court is not reviewable by appeal, but is subject to review via application for supervisory writs. Pittman Const. Co., Inc. v. Pittman, 96-1498, 96-1079, p. 2 (La.App. 4 Cir. 3/12/97), 691 So.2d 268, 269, writ denied, 97-0960 (La.5/16/97), 693 So.2d 803. Because Mr. Manuel did not seek supervisory writs, his judgment of direct contempt is not reviewable.
[2] The February 3, 2004 judgment provides in pertinent part that the Manuels shall not have on their property "any equipment including, but not limited to, any excavator, tractor, dump truck, flat bed truck, dual axle trailer, goose-neck trailer or any other trailer or anything associated with the use of any said equipment, or any other heavy equipment used in connection with their business," except for the personal use of said equipment in a good faith effort of improvement of Lot 39 in Mill Creek Subdivision.