CARTER, C.J.
|2The parties seek review of the trial court’s October 25, 2010, judgment imposing sanctions against third-party defendants, Terri Marie Robinson, Braden Paul Robinson, and Julie Robinson Davis (the Robinsons), and in favor of third-party plaintiffs Suzanne D. and Charles G. Harlan (the Harlans). The trial court designated the judgment as final and immediately appealable pursuant to Louisiana Code of Civil Procedure Annotated article 1915.
The trial court’s judgment imposing sanctions on a party does not determine the substantive merits of the case, but only a preliminary matter in the course of this action. Accordingly, the judgment is interlocutory. See La.Code Civ. Proc. Ann. art. 1841; Succession of Bell, 06-1710 (La.App. 1 Cir. 6/8/07), 964 So.2d 1067, 1072 (“A judgment of contempt *1036 of court is an interlocutory judgment, since it does not determine the substantive merits of the case.”); Suazo v. Suazo, 10-0111 (La-App. 1 Cir. 6/11/10), 39 So.3d 830, 832 (A contempt finding does not speak to the merits of the case and is, therefore, an interlocutory judgment.); Smith v. Smith, 398 So.2d 549, 551 (La.App. 1st Cir.1979) (Discovery orders, including those that assess attorney fees for failure to make discovery as required by statute, are non-appealable, interlocutory judgments.).[1]
An interlocutory judgment is ap-pealable only when expressly provided for by law. La.Code Civ. Proc. Ann. art. 2083 C. There is no statute allowing an immediate appeal of a judgment of contempt or an award of sanctions against a |sparty pursuant to Louisiana Code of Civil Procedure Annotated article 1471, and therefore, such a judgment is not immediately ap-pealable on its own. See Succession of Bell, 964 So.2d at 1072. Interlocutory judgments such as these are subject to review via an application for supervisory writs. See Smith, 398 So.2d at 551; Mill Creek Homeowners Association, Inc. v. Manuel, 04-1386 (La.App. 1 Cir. 6/10/05), 916 So.2d 271, 272 n. 1 (“It is a well established rule of law that a judgment holding a party in direct contempt of court is not reviewable by appeal, but is subject to review via application for supervisory writs.”).
Moreover, because the trial court’s judgment does not impose sanctions or disciplinary action pursuant to Louisiana Code of Civil Procedure Annotated articles 191, 863, or 864, or Louisiana Code of Evidence Annotated article 510 G, it does not fall under the rubric of Louisiana Code of Civil Procedure Annotated article 1915 A(6) and is not a partial final judgment subject to immediate appeal by law.[2] See Succession of Bell, 964 So.2d at 1072. The trial court’s designation of this interlocutory judgment as “final” has no legal effect, and the interlocutory judgment is not subject to an immediate appeal. See Peak Performance Physical Therapy & Fitness, LLC v. Hibernia Corp., 07-2206 (La.App. 1 Cir. 6/6/08), 992 So.2d 527, 530, writ denied, 08-1478 (La.10/3/08), 992 So.2d 1018 (Despite designation by the trial court, a judgment overruling the peremptory exception raising the objection of prescription is an interlocutory judgment and not appealable). The party cast in judgment can obtain adequate relief upon appellate review of the merits of the case. Albritton v. Fidelity National Bank Trust, 619 So.2d 1170, 1172 (La.App. 1st Cir.5/28/93).
|4We recognize that this court, on November 23, 2010, denied the Robinsons’ expedited application for a supervisory writ wherein they challenged the propriety of the trial court’s designation of the judgment as final and immediately appealable pursuant to Article 1915, as well as the award of sanctions in favor of the Harlans. However, the denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction and does not bar reconsideration of, or a different conclusion on, the same question. Dupre v. Maynard, 96-1183 *1037 (La.App. 1 Cir. 3/27/97) 692 So.2d 36, 38, writ denied, 97-1508 (La.9/26/97) 701 So.2d 986. Subject matter jurisdiction cannot be waived or conferred by the consent of the parties, and “it is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants.” Boudreaux v. State, Dept. of Transp. and Development, 01-1329 (La.2/26/02), 815 So.2d 7, 13; see La.Code Civ. Proc. Ann. art. 925 C. Having the benefit of a complete record before us, it is now clear that the October 25, 2010, judgment is interlocutory, and we lack appellate jurisdiction. The parties have an adequate remedy on appeal of a final judgment on the merits; therefore, we decline to convert this matter to an application for a supervisory writ and exercise our discretionary supervisory jurisdiction.
For the forgoing reasons, this appeal is dismissed. Third-party defendants/appellants, Terri Marie Robinson, Braden Paul Robinson, and Julie Robinson Davis, and third-party plaintiffs/appellees, Suzanne D. and Charles G. Harlan, are each to bear their own costs of this appeal.
APPEAL DISMISSED.

. Smith was decided under Louisiana Code of Civil Procedure Annotated article 2083, prior to its amendment by Act 205, section 1, of the 2005 Legislative Session ("An appeal may be taken from ... an interlocutory judgment which may cause irreparable injury.’’). Although irreparable injury is no longer the standard for allowing an appeal of an interlocutory judgment, we cite Smith for its proposition that judgments assessing attorney fees for failure to make discovery as required by statute are interlocutory.

. Had the judgment at issue qualified for an immediate appeal pursuant to Article 1915 A(6), there would have been no requirement that the judgment be designated as a final judgment subject to an immediate appeal.