ROBERT M. MURPHY, Judge.
| sDefendants/appelIants, the Louisiana Patient’s Compensation Fund and the Louisiana Patient’s Compensation Fund Oversight Board (collectively, “the PCF”), appeal the trial court’s judgment granting summary judgment in favor of plaintiffs/appellees, Allison Malbrough Canna-tella, Andrew Cannatella, both individually and on behalf of their minor child, Thomas Cannatella, and Lejeune claimants, which include the grandparents, aunts, uncles and great-grandmother of Thomas Canna-tella, and against defendants, Dr. Christopher Cougle, Parish Anesthesia, and Louisiana Medical Mutual Insurance Company. For the reasons that follow, we dismiss the instant appeal.
FACTS AND PROCEDURAL HISTORY
Plaintiffs filed a medical malpractice action against Dr. Christopher Cougle, Parish Anesthesia (Dr. Cougle’s employer), and Louisiana Medical Mutual Insurance Company (Dr. Cougle’s professional liability insurer), alleging that Dr. Cougle failed to comply with the appropriate standard of care within the field of anesthesiology during the birth of Andrew and Allison Can-natella’s son, Thomas Cannatella, on May 26, 2010. Plaintiffs contend that both Allison Cannatella and Thomas Cannatella sustained injuries as a result of Dr. Cou-gle’s malpractice.
|4On November 18, 2011, plaintiffs filed a motion for summary judgment against Dr. Cougle, Parish Anesthesia (“PA”) and Louisiana Medical Mutual Insurance Company (“LAMMICO”) as to the following issues: (1) liability and causation; (2) applicability of two medical-malpractice caps; *97 (3) applicability of Lejeune damages; and (4) whether Thomas Cannatella sustained any injury. On March 1, 2012, the trial court granted plaintiffs’ motion for summary judgment, ordering that (1) Dr. Cou-gle’s liability was established; (2) Dr. Cougle’s negligence caused injury to both Allison and Thomas; (3) two medical malpractice caps would be applied; and (4) the issue of Lejeune damages be referred to the merits. Subsequently, Dr. Cougle filed an unopposed motion to amend the March 1, 2012 judgment to designate the judgment as a final judgment. On March 7, 2012, the trial court signed an amended final judgment, granting the same relief as the March 1, 2012 judgment and ordering that the judgment be designated a final judgment under La. C.C.P. art. 1915(B) (hereinafter, “the Judgment”).[1]
After the trial court granted summary judgment in favor of plaintiffs, plaintiffs and defendants, PA, LAMMICO and Dr. Cougle, reached a settlement. On March 29, 2012, plaintiffs filed a petition for court approval of settlement between plaintiffs and defendants. The proposed settlement would release any and all claims of Allison Cannatella for the statutory limit of $100,000 as well as any and all claims of Thomas Cannatella for the statutory limit of $100,000, for a total of $200,000. Within the petition for approval of settlement, plaintiffs also incorporated a Demand for Excess Damages against the PCF and requested a trial to determine the amount of Allison and Thomas Cannatella’s damages in excess of the statutory limit. The court issued a judgment on March 29, 2012, (1) approving [¡¡the proposed settlement; (2) preserving “[a]ll statutory rights of the [PCF] to contest the claims of ALLISON CANNATELLA and THOMAS CANNA-TELLA, at a trial, and for all such other relief to which it is entitled;” (3) deeming the liability of Dr. Cougle and PA for plaintiffs’ injuries/damages “admitted and established;” (4) releasing Dr. Cougle, PA and LAMMICO from further liability to plaintiffs upon payment of settlement funds, but reserving plaintiffs’ rights against the PCF; and (5) naming Dr. Cou-gle and PA as a nominal parties in any action for excess damages. At the same time, plaintiffs also filed a Motion to Dismiss their claims against Dr. Cougle, PA and LAMMICO, which the court granted on the same day.
On April 19, 2012, the PCF filed an answer to plaintiffs’ Petition for Court Approval of Settlement and Demand for Excess Damages. On April 30, 2012, the PCF filed a motion for devolutive appeal from the March 7, 2012 Judgment granting plaintiffs’ motion for summary judgment.[2] This appeal followed.
LAW AND DISCUSSION
On appeal, the PCF raises one assignment of error for our review: (1) the trial court erred by signing the Judgment granting plaintiffs’ motion for summary judgment, finding that Dr. Cougle’s negligence caused Allison and Thomas Canna-tella’s injuries, without limiting that finding of causation to damages in the amount of $100,000. As a result, the PCF seeks a reversal of the Judgment, to the extent *98 that it fails to limit the finding of causation to $100,000 in damages, and requests an amendment of the Judgment to that effect.
Plaintiffs filed a Motion to Dismiss the PCF’s appeal and, in the alternative, answered the appeal with a request for sanctions and summary disposition. | ^Plaintiffs raise several arguments in response to the PCF’s assignment of error. Primarily, plaintiffs contend that the PCF does not have a right to bring this appeal because La. R.S. 40:1299(0(6) of the Louisiana Medical Malpractice Act prohibits appeals from any settlement approved by the court. In addition, plaintiffs argue that the PCF’s grounds for this appeal are unwarranted because the Judgment does not provide, nor can it be inferred, that defendants caused damages in any amount — either below or above $100,000.

The Louisiana Medical Malpractice Act

Under the Louisiana Medical Malpractice Act (“LMMA”), the liability of a single qualified health care provider (“QHCP”) is limited to $100,000 for. a medical malpractice victim’s injury or death. Bijou v. Alton Ochsner Med. Found., 95-3074 (La.9/5/96); 679 So.2d 893, 896; La. R.S. 40:1299.42(B)(2). Any damages in excess of $100,000 shall be recovered from the PCF, but such damages may not exceed $500,000. La. R.S. 40:1299.42(B)(3)(a). Where the QHCP or its insurer have settled a medical malpractice claim for the statutory limit of $100,000, the LMMA expressly provides that the liability of the QHCP is deemed “admitted and established.” Bijou, 679 So.2d at 896; La. R.S. 40:1299.44(C)(5)(e). In other words, payment of $100,000 to a medical malpractice victim by the QHCP or its insurer, “triggers the admission-of-liability provision of La. R.S. 40:1299.44(0(5), so that the only contested issue remaining thereafter between the victim and the Patient’s Compensation Fund is the amount of the victim’s damages in excess of the amount already paid.” McCrory v. Jefferson Parish Hosp. Serv. Dist. No. 2, 96-624 (La.App. 5 Cir. 12/30/96); 686 So.2d 1060, 1063 (citing Stuka v. Fleming, 561 So.2d 1371, 1374 (La.1990)).
Once payment by one health care provider has triggered the statutory admission of liability, the PCF cannot contest that admission. Id. The only issue 17between the medical malpractice victim and the PCF thereafter is the amount of damages sustained by the victim as a result of the QHCP’s admitted malpractice. Id. “Although payment of $100,000 in settlement establishes proof of liability for the malpractice and for damages of at least $100,000 resulting from the malpractice, at the trial against the [PCF], the plaintiff has the burden of proving that the admitted malpractice caused damages in excess of $100,000.” Harrison v. Smith, 02-477 (La.App. 5 Cir. 11/26/02); 832 So.2d 1064, 1070, writ denied, 2003-0380 (La.6/27/03); 847 So.2d 1277 (citing Graham v. Willis-Knighton Med. Ctr., 97-0188 (La.9/9/97); 699 So.2d 365).

Analysis

The PCF’s issue on appeal is that the Judgment granting plaintiffs’ motion for summary judgment, as written, could be construed as establishing that Dr. Cou-gle’s malpractice caused all of plaintiffs’ injuries such that Dr. Cougle is liable for all of plaintiffs’ damages, leaving the PCF unable to contest causation of damages above the $100,000 statutory limit; in effect potentially assessing damages in excess of $100,000. Under Louisiana’s Medical Malpractice Act, the only issues before the trial court in plaintiffs’ motion for summary judgment against Dr. Cougle, PA and LAMMICO were the negligence of Dr. Cougle and causation for, and damages up *99 to the $100,000 statutory limit. Causation for, and damages above $100,000 are issues which, pursuant to clearly established law, were simply not before the trial court in the summary judgment proceeding at issue. Therefore, we find no merit in the PCF’s contention that the Judgment granting plaintiffs’ motion for summary judgment precludes the PCF from contesting causation of plaintiffs’ recovery of damages in excess of $100,000 in any way.
^Furthermore, less than one month after the Judgment was issued, the parties settled Allison and Thomas’s claims for $200,000 (two payments of the $100,000 statutory limit applicable to Allison and Thomas’s respective medical malpractice caps), thereby triggering the admission-of-liability provision of La. R.S. 40:1299.44(C)(5)(e). At that point, the liability of Dr. Cougle is deemed admitted and established, and therefore, binding on the PCF and not appealable. As a result, once Dr. Cougle and PA settled for the statutory limit as set forth in La. R.S. 40:1299.44(C)(5)(e), the portion of the Judgment that found Dr. Cougle liable for Allison and Thomas’s injuries became moot. The only contested issue remaining between plaintiffs and the PCF is the amount of damages, if any, in excess of the $100,000 already paid to Allison and Thomas respectively, that were caused by Dr. Cougle’s negligence. In fact, the trial court’s March 29, 2012 judgment approving the settlement confirms this as it clearly provides that “[a]ll statutory rights of the [PCF] to contest the claims of ALLISON CANNATELLA and THOMAS CANNATELLA, at a trial, and for all such other relief to which it is entitled, be and are hereby preserved.”
Since the summary judgment is moot in light of the parties’ settlement for the $100,000 statutory limit and Dr. Cougle’s resulting admitted liability, there is no judgment from which the PCF can appeal. Accordingly, this appeal is dismissed.

Plaintiffs’ Request for Sanctions

Plaintiffs seek sanctions against the PCF under La. C.C.P. art. 868 and La. C.C.P. art. 2164. Because the authority to impose sanctions under La. C.C.P. art. 868 is limited to the trial court, we cannot award sanctions under this article. Hampton v. Greenfield, 618 So.2d 859, 862 (La.1993). An appellate court’s authority to regulate conduct before it is governed by La. C.C.P. art. 2164, which ^provides in pertinent part, “[t]he [appellate] court may award damages for frivolous appeal.” Id. (citing La. C.C.P. art. 2164).
Article 2164 is penal in nature and must be strictly construed. Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03); 845 So.2d 1162, 1170. An appellate court may award damages for frivolous appeal under La. C.C.P art. 2164 “when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel does not seriously believe in the position he advocates.” Id. “An appeal is not automatically deemed frivolous simply because it lacks merit.” Id.
After considering the arguments of counsel, we do not find that the present matter meets the requirements of a frivolous appeal, and therefore we decline to award sanctions under La. C.C.P. art. 2164.
CONCLUSION
Accordingly, for the reasons stated herein, the PCF’s appeal is dismissed. Plaintiffs’ request for sanctions is denied.

APPEAL DISMISSED

. On March 8, 2012, Dr. Cougle filed a motion for new trial on the March 7, 2012 judgment. However, the trial court later declared the motion for new trial moot due to the parties' March 29, 2012 settlement and dismissal of plaintiffs' claims against Dr. Cougle, Parish Anesthesia and Louisiana Medical Mutual Insurance Company.

. The PCF’s motion for devolutive appeal also seeks review of the March 29, 2012 judgment granting plaintiffs’ motion to dismiss. However, the PCF is not pursuing an appeal from the March 29, 2012 judgment granting plaintiffs’ motion to dismiss in the present appeal.