Judge Daniel L. Dysart
J^This is an appeal of a trial court judgment denying a Motion for Sanctions, Motion to Strike, and Rule for Contempt filed on behalf of appellant, Judith A. Sullivan. Appellees, F. Evans Schmidt, Koch & Schmidt, LLC, and respondents-appellees, Marta-Ann Schnabel and Caitlin Morgen-stern,[1] filed a Motion to Dismiss the instant appeal, on two grounds: first, that this Court does not have jurisdiction because the judgment is not a final, appeal-able judgment; and two, because the appeal itself is frivolous.[2] We find that the trial court’s judgment, rendered in open court on May 13, 2016 (and followed by a written judgment on May 27, 2016), is not a final judgment; nor is the judgment designated as final by the trial court. We therefore dismiss the appeal as no appeal lies from an interlocutory judgment that it not designated as final. We also decline to exercise Lour supervisory jurisdiction by converting the motion for appeal to an application for supervisory writs, as discussed more fully herein.
Under Louisiana law, “[j]udgments are either interlocutory or final, and the distinction between the two is that a judgment that determines ‘the merits in whole or in part’ is a final judgment, whereas a judgment that decides only preliminary matters in the course of the action is an interlocutory judgment.” Brennan v. Shell Offshore, Inc., 93-1525, p. 4 (La. App. 4 Cir. 3/29/94); 635 So.2d 429, 431. As explained by this Court in Favrot v. Favrot, 10-0986, pp. 2-3 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102:
“A final judgment is appealable in all cases in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.” La. C.C.P. Art. 2083 A. “A judgment that determines the merits in whole or in part is a final judgment.” La. C.C.P. Art. 1841. “No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B),
La. C.C.P. art. 1915 B(1) requires more than a designation that a partial judgment be designated as final. It further requires the trial court make “an express determination that there is no just reason for delay.” La. C.C.P. art. 1915B(1).[3]
“An interlocutory judgment is ap-pealable only when expressly provided for by law.” La. C.C.P. art. 2083 C. Our juris *708 prudence clearly indicates that “the denial of a motion for sanctions is a judgment that does not determine the merits of the case” and is, therefore, “an interlocutory judgment.” Armelise Planting Co. v. Liberty Oil & Gas Corp., 05-1250, p. 4 (La. App. 1 Cir. 6/9/06), 938 So.2d 178, 179; Brown v. Sanders, 06-1171 (La.App. 1 Cir. 3/23/07), 960 So.2d 931, 933 (“the denial of a motion for sanctions is an interlocutory judgment; it does not determine the merits of the case”(emphasis supplied)).
Similarly, the denial of a motion for contempt is not one that decides the merits of the case and is therefore, interlocutory in nature. See, Robinson v. Harlan, 11-0703, pp. 2-3 (La.App. 1 Cir. 11/9/11), 79 So.3d 1034, 1035-36 (citations omitted)(while “[a] judgment of contempt of court is an interlocutory judgment,” when a trial court’s judgment does not impose a finding of contempt, the judgment “does not fall under the rubric of [La. C.C.P. art.] 1915 A(6) and is not a partial final judgment subject to immediate appeal by law.”). As the Robinson court noted, the trial court’s designation “of this interlocutory judgment as ‘final’ ” does not make “the interlocutory judgment. . .subject to an immediate appeal.” Id., p. 3, 79 So.3d at 1036.
A motion to strike an affidavit, too, does not decide the merits of a case and, is therefore, “an interlocutory ruling that is not generally appealable.” Madison v. Inter-Cont’l Hotels Corp., 14-0717, p. 5, n.4 (La.App. 4 Cir. 8/26/15), 173 So.3d 1246, 1250, writ denied, 2015-1757 (La. 11/6/15), 180 So.3d 310.
Thus, in the instant matter, there can be no question that the trial court’s May 27, 2016 judgment, denying the various motions, was an interlocutory judgment.
|/This Court recently reiterated the well-settled rule that “proper procedural vehicle for seeking review of an interlocutory judgment is by application for a supervisory writ.” Llopis v. State, 16-0041 (La.App. 4 Cir. 12/14/16), 206 So.3d 1066, 1068, 2016 WL 7238986 at *4. Under Rule 4-3 of the Uniform Rules, Courts of Appeal, an application for supervisory writ must be filed within thirty days of the notice of the rendition of the judgment to be reviewed. The rendition of “of an interlocutory judgment in open court constitutes notice to all parties.” La. C.C.P. art. 1914 A.
In the instant matter, the trial court denied Ms. Sullivan’s Motion in open court on May 13, 2016. The Motion for Appeal was not filed until June 24, 2016. Because the motion for appeal was filed beyond the thirty day period applicable to supervisory writs, we decline to exercise our discretion to consider the motion for appeal as an application for supervisory writ.[4] We, therefore, dismiss this appeal for lack of jurisdiction. See, McGinn v. Crescent City Connection Bridge Auth., 15-0165, p. 5 (La.App. 4 Cir. 7/22/15), 174 So.3d 145, 149.
Turning to the Answer to the Appeal filed by Mr. Schmidt, Koch & Schmidt, Ms. Schnabel and Ms. Morgen-stern, we note that damages, including at *709 torney’s fees, may be awarded by an appellate court pursuant La. C.C.Pr. art. 2164, which provides as follows:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, | ¡-.against any party to the suit, as in its judgment may be considered equitable.[5]
Our jurisprudence reflects that damages for a frivolous appeal damages may be awarded “if the appellant is trying to ‘delay the action’ or ‘if the appealing counsel does not seriously believe the law he or she advocates.’” Hunter v. Maximum Grp. Behavioral Servs., Inc., 10-0930, p. 6 (La.App. 4 Cir. 3/16/11), 61 So.3d 735, 739, quoting Hester v. Hester, 97-2009, p. 5 (La.App. 4 Cir. 6/3/98), 715 So.2d 43, 46. The Hunter Court also noted that an appellate court may deem an appeal frivolous “if it does not present a ‘substantial legal question.’ ” Id. (Citation omitted).
However, “ ‘[a]ppeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted’ due in part to the possible chilling effect on the appellate process.” Johnson v. Johnson, 08-0060, pp. 5-6 (La. App. 4 Cir. 5/28/08), 986 So.2d 797, 801, quoting Tillmon v. Thrasher Waterproofing, 00-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137. Likewise, because the statute allowing the imposition of damages for frivolous | fiappeal is penal in nature, it “must be strictly construed in favor of the appellant.” Hunter, 10-0930, p. 6, 61 So.3d at 739.
In the instant matter, while we find that there is questionable merit in this substance of this appeal, we cannot say that it was filed in bad faith or for purposes of delay. Nor does the record reflect that appellant does not seriously believe the law she advocates, particularly considering the current contentious nature of this case. Having considering the arguments of counsel, we do not find that this matter meets the requirements of a frivolous appeal.
We therefore decline to award damages or tax costs against appellant under La. C.C.P. art. 2164.
APPEAL DISMISSED
LANDRIEU, J., CONCURS WITH REASONS

.Ms. Schnabel and Ms. Morgenstern are not defendants in this case. Ms. Morgenstern is co-counsel with Mr. Schmidt and Ms. Schnabel represents Mr. Schmidt and Koch & Schmidt, LLC in the defense of the motions filed by Ms. Sullivan. Ms. Morgenstern and Ms. Schnabel were also the object of at least one of Ms. Sullivan’s motions—a motion for contempt (for the alleged "breach of the duty of candor” to the court—and appear herein as respondents-appellees.

. The defendants-appellees and respondents-appellees answered the appeal seeking an award of damages for a frivolous appeal.

. We note that the Order granting the appeal states that "the judgment at issue is final as allowed by C.C.P. art. 1814 [sic], et seq." However, the judgment, itself, is not designated as final and there is no express determination by the trial court that there is no reason for just delay, as required by La. C.C.P. art. 1915 B(1).

. When an appeal has been taken of an interlocutory judgment, courts may convert the appeal to an application for a supervisory writ, but do so when "the motion for appeal was filed within the thirty-day delay allowed under Rule 4-3 of the Uniform Rules—Courts of Appeal for the filing of an application for supervisory writs. Ramirez v. Evonir, LLC, 14-1095, p. 4 (La.App. 4 Cir. 4/9/15), 165 So.3d 260, 263; See also, Barham, Warner & Bellamy, L.L.C. v. Strategic All. Partners, L.L.C., 09-1528, p. 4 (La.App. 4 Cir. 5/26/10), 40 So.3d 1149, 1152.

. We note that, even when an appeal is dismissed as untimely, the appellate court may still consider whether to impose sanctions. In Harper v. Eschenazi, 04-863 (La.App. 5 Cir. 12/28/04), 892 So.2d 671, for example, the appeal was dismissed as untimely upon motion of the appellee. The appellate court, however, considered the appellee's request for sanctions, because of the “untimely filing of plaintiff’s motion for appeal," even though the appellee had not filed an answer to the appeal (rather, the appellee filed a motion for sanctions in the appellate court). Id., 04-863, p. 5, 892 So.2d at 674. See also, Cannatella v. Cougle, 12-610, pp. 8-9 (La.App. 5 Cir. 5/16/13), 119 So.3d 94, 99, which after first finding that there was no appealable judgment, and dismissing the appeal, chose not to award sanctions, after concluding that the appeal did not meet the requirements of a frivolous appeal. The court noted that “[a]n appellate court’s authority to regulate conduct before it is governed by La. C.C.P. art. 2164, which provides in pertinent part, ”[t]he [appellate] court may award damages for frivolous appeal.” Id.; Voiron v. Voiron, 03-2823 (La.App. 1 Cir. 12/17/04), 897 So.2d 697, 699, where the appellee answered the appeal, seeking sanctions and the appellate court awarded sanctions for frivolous appeal after the appeal was dismissed as abandoned; Capital-Union Sav., F.A. v. Williams, 528 So.2d 187, 187 (La. App. 1 Cir. 1988), where the appellate court imposed sanctions for frivolous appeal after the case was dismissed as abandoned.